THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE ROYAL BANK OF CANADA, Relator, *v.* M. F. LOUGHMAN and Others, as Commissioners of Taxes of the Department of Taxation and Finance of the State of New York, Respondents.

Third Department, June 21, 1929.

*Zabriskie, Sage, Gray & Todd* [*William E. Sims* and *Charles M. Kritzman* of counsel], for the relator.

*Hamilton Ward, Attorney-General* [*Henry S. Manley, Assistant Attorney-General*, of counsel], for the respondents.

HASBROUCK, J. The relator; The Royal Bank of Canada, on February 26, 1927, filed a return with the State Tax Commission showing its condition on December 31, 1926, and that it employed money capital invested in this State in the amount of $5,213,270.51 upon which it paid a tax of one per cent in the sum of $52,132.70.

In 1926 the Legislature enacted chapter 286, which went into effect March 31, 1927. Under that law, which in part added article 9-B to the Tax Law, it was provided that " every taxpayer, on or before September first, nineteen hundred and twenty-seven, and annually thereafter, shall make a return * * * for the calendar year next preceding, as to the business * * * the income from which is the basis of taxation under this article." (Tax Law, § 219-bb.)

This act was subsequently amended in 1927 (Chap. 261, § 1) to provide as follows: " The tax imposed by this article shall be for the calendar year in which it becomes due; except that with respect to corporations of classes heretofore subject to franchise taxes, the

tax hereunder shall be in lieu thereof and for the year for which such franchise taxes were formerly imposed." (Tax Law, § 219-q.)

The necessity for the amendment of chapter 286 of the Laws of 1926 by chapter 261 of the Laws of 1927 arose from the fact that the report of the the relator was required to be made on the basis of business done in the calendar year next preceding. That left the calendar year 1927 useless as a basis until September 1, 1928. (Tax Law, § 219-bb.) To accommodate chapter 286 of the Laws of 1926 to the new statutory scheme, a new section, section 1 of chapter 261 of the Laws of 1927, was added, whereby subdivision 4 was added to section 219-q of the Tax Law (now Tax Law, § 219-q, subd. 9, as amd. by Laws of 1928, chap. 659).

The question is what was its purpose and effect and is one of interpretation or construction.

The taxes for the year 1927 under the prior law, the law obtaining in 1926, could not be imposed until the report for it was made prior to March first, in 1928. (Tax Law, § 192.)

The new Tax Law, therefore, is to be read with reference to taxation for the year 1927. So read it seems to me that the meaning of the language quoted is " The tax hereunder " (under the new law) shall be in lieu of the tax under the old law for the year for which such franchise taxes were formerly imposed. Any other construction would result in subjecting the relator to double taxation.

It would have the further effect of requiring the relator to obtain legislative authority for recapturing the tax already paid for 1926. Resort to the Legislature would be necessary because neither section 198 nor section 219-ee, relative to the revision and readjustment of tax accounts, applies to the case at bar.

Revision and readjustment can only be granted by the Tax Commission when the amount of taxes include: (a) Taxes or other charges which could not have been lawfully demanded; (b) where payment has been illegally made or exacted; (c) where the taxes originally assessed were less than should have been exacted.

In the case at bar it clearly appears that the tax for the year 1926 was lawfully imposed and the payment lawfully made and that it was not less than the relator should have paid under the existing law for that year.

The statute under review nowhere says that the tax to be collected September 1, 1927, is in lieu of the tax paid for 1926. Reason must guide in the search for the legislative intention.

Canons of construction require the avoidance of an absurd result and the prejudice of the public interests. Sutherland states the general rule in the following language: " Statutes will be construed

in the most beneficial way which their language will permit to prevent absurdity, hardship or injustice; to favor public convenience, and to oppose all prejudice to public interests." (Suth. Stat. Const. [Lewis 2d ed.] § 490 [324]; *Central Trust Co.* v. *N. Y. Equipment Co.,* 74 Hun, 405; *Topham* v. *Interurban Street R. Co.,* 96 App. Div. 323; *People ex rel. Savings Bank* v. *Butler,* 147 N. Y. 164; *People ex rel. Tave* v. *Palmer,* 132 Misc. 120; affd., 223 App. Div. 777.)

It is only where the language is clear beyond controversy that construction may not be used by the courts to declare the purpose of a statute. (See Suth. Stat. Const. [Lewis 2d ed.] § 490 [324], *supra.*)

It follows that the State Tax Commission was warranted in imposing a tax on September 1, 1927, on the relator for that year measured by its net income in 1926.

The determination of the State Tax Commission should be confirmed, with costs.

VAN KIRK, P. J., HINMAN, WHITMYER and HILL, JJ., concur.

Determination confirmed, with fifty dollars costs and disbursements.