Abraham N. Geller, J.
This is an action to foreclose a mechanic’s lien. Plaintiff claims the sum of $9,877.97 for the blasting, demolition and removal of certain rock below street level, at premises 618 West 47th Street, Borough of Manhattan, City of New York.
Defendant Colabella Bros., Inc., hereinafter referred to as “ Colabella”, is the owner of the premises., Defendant Salvatore Donatuti, doing business as Salvatore Donatuti Construction Co., hereinafter referred to as “ Donatuti ”, is the general contractor.
Prior to trial, plaintiff, in its notice of lien, in the complaint and on the examination before trial by its president, proceeded on the theory that the removal of the rock in question, for which it is suing, was contracted for and ordered by' the general contractor, Donatuti.
However, on the trial, plaintiff abandoned said theory and admitted that Donatuti never requested said work nor agreed to pay for it, but proceeded, rather, on the theory that Colabella, the owner, ordered the work in question and was liable therefor on an express or implied contract, and claims the reasonable value for the removal of the rock for the creation of a baling pit.
I find, from the credible and believable evidence, that the work performed in removing the rock to create the baling pit was with the consent of the defendant owner, Colabella, and that, such consent is evident from all of the attending facts and circumstances including the following:
(a) That there was a general contract between the owner and defendant Donatuti for the alteration of the premises, which alteration provided for the creation of the baling pit. The baling pit was to be used by a prospective tenant to bale large bundles of waste paper and other Items by mean of hydraulic pressure.
*915 (b) That said general contract expressly stated that Colabella ‘ ‘ is interested and affected in ’ ’ the completion of the terms of a contract between Donatuti and one Nicholas Mormando, hereafter referred to as “ Mormando ”, the prospective tenant, for the creation and erection of the baling pit and Colabella thereunder “ absolutely guarantees ” to Donatuti payments by Mormando with respect to the creation of the baling pit, and provided for the payment for the alteration by the owner, except as to said baling pit payments, which were made by Mormando, the prospective tenant.
(c) That the said general contract provided that the alteration, including the baling pit, should be under the supervision and direction of one Henry J. Nurick, an architect, who was the owner’s agent, and who supervised said alteration and directed the rock removal in question for the purpose of creating the baling pit.
(d) That Colabella, the owner, had full knowledge of the drilling and blasting work required to be done for the baling pit, and indeed, stood to benefit therefrom through receipt of rent to be paid thereafter by the prospective tenant.
These factors or elements, as well as others, which if enumerated would merely be cumulative, indeed spell out consent by the owner, Colabella, within the purview or meaning of section 3 of the Lien Law.
I further find that the baling pit constituted an “ improvement ’ ’ to the premises under section 3 of the Lien Law. “ Improvement ” is defined in subdivision 4 of section 2 of the Lien Law as including “ the demolition, erection, alteration or repair of any structure upon, connected with, or beneath the surface of, any real property and any work done upon such property or materials furnished for its permanent improvement ”. (Italics added.)
Labor, in excavating, has been recognized as the basis for a valid lien. (Di Menna v. Cooper & Evans Co., 220 N. Y. 391.)
Blanc on New York Law of Mechanics’ Liens states at pages 103-104: “ The present broad working of the statute and the extensive coverage intended should leave no doubt on this score even though the labor is expended on the grounds surrounding the structure, rather than to the structure itself. The definition of the term ‘ improvement ’ includes work done upon the real property as well as the erection, alteration or repair of structures thereon.”
It is clear that the baling pit was an improvement in the ordinary and common sense meaning of the word, constituted an integral part of the realty, and was contracted for and *916 created for the owner’s benefit to be used by Mermando who was then, i.e., at the time of the making of the general contract, as indicated, a prospective tenant.
The fact that the prospective tenant was to pay, in whole or in part, for the creation of the baling pit in no way minimizes the consent to the improvement by the owner as landlord, nor did it make the baling pit any less an improvement of the Colabella property.
The fact that payments were made by the prospective tenant at the time, only bore upon and affected the relationship, whatever it was, as between Colabella and Mermando.
I now come to the principal finding I am about to make which relates to the nature of the contract or agreement between Colabella and the plaintiff, and the question of payment for the work claimed by the plaintiff.
I find thereon that plaintiff agreed to complete the baling pit by removing the rock therefrom through line drilling and blasting of the rock for a total sum of “ about $5,000 ” less the sum of $2,000, or a total net amount of “ about $3,000.”
That this was the agreement and intention of the parties is borne out by the credible and believable testimony. I cannot accept the story of the contractual arrangement related on plaintiff’s behalf. It is evident that plaintiff’s claim was an afterthought and an attempt to by-pass a bad bargain that plaintiff made.
Furthermore, the officer who testified on behalf of the plaintiff admitted that he called Nurick, the architect, and said $2,000 would be saved. However, nowhere has plaintiff, in the notice of lien, or in the complaint, allowed such $2,000 savings which he himself testified to on this trial would be effected.
Furthermore, the fact that the work was stopped until after plaintiff’s president concededly said he could save $2,000, as above indicated, fortifies the contractual arrangement claimed by the defendant, Colabella.
There are other factual items which bear out the court’s finding as to the contractual arrangement for the erection or creation of the baling pit. In short, I find that the credible and believable evidence shows that the contract price for the baling pit and blasting would only be “ about $3,000.”
I further find that the offer was “ reasonably certain” and plaintiff is bound thereby and cannot recover by now claiming that the language is indefinite. Section 32 of the Restatement of Contracts is apposite. It reads as follows: ‘' Requirement of certainty in the terms of an offer. An offer must be so definite in its terms, or require such definite terms in the *917 acceptance, that the promises and performances to he rendered by each party are reasonably certain.”
Strange as it may seem, there is a dearth of authoritative cases on contracts containing such language as ‘' approximately ” or “about” a certain sum. However, the case of Western Newspaper Union v. Shaltz (164 Pa. Superior Ct. 301) is in point.
There plaintiff agreed to do work for “ approximately $5.00 per week.” Plaintiff, after performing services, sought to ignore this agreement and sued in quantum meruit. Defendant claimed the contract was sufficiently definite. A judgment for the defendant was affirmed, the court saying, at page 304: “ The item of the express contract to make corrections for ' approximately $5.00 a week ’ * * * is not bad because of indefiniteness. The law does not require certainty but only reasonable certainty. Restatement, Contracts, § 32.” (Also, see Rosbach v. Sackett & Wilhelms Co., 134 App. Div. 130.)
To accept plaintiff’s story of the contractual arrangement would result in an exaggerated claim of $9,877.97 above $3,172.30 which was paid for the creation of the baling pit, and which sum was concededly received by another corporation, whose name is substantially similar to plaintiff’s corporate name, and which is controlled by the plaintiff’s president, of which other corporation he is also president.
Plaintiff’s demand, if allowed, would result in plaintiff receiving a total of $13,050.27, or more than two and a half times the amount of “ about $5,000” discussed amongst the parties on or about October 23, 1956 and more than four times the ‘ ‘ about $3,000 ” amount agreed to for the line drilling and blasting work for the creation of the pit, as I already found.
The plaintiff received $3,172.30 which is “ about $3,000 ”, the agreed price, and consequently, plaintiff was fully paid.
Accordingly, the plaintiff’s claim is without merit and the complaint as against the owner Colabella is dismissed and the lien is declared void and is set aside and discharged.
In the light of the aforesaid findings, the same result also follows as to the defendant Donatuti. Moreover, as to the said defendant Donatuti, as already stated, plaintiff admitted that Donatuti never requested the work referred to and alleged in the complaint or that said defendant Donatuti agreed to pay for it.
Defendant Colabella interposed a counterclaim authorized by sections 39 and 39-a of the Lien Law claiming that the lien filed by plaintiff was willfully exaggerated by the demand for $9,877.97. Said counterclaim is limited to a demand for attor *918 ney’s fees but does not demand, as permitted by the aforesaid section 39-a, damages on behalf of the said owner for ‘' an amount equal to the difference by which the amount claimed to be due or to become due as stated in the notice of lien exceeded the amount due or to become due thereunder.”
The counterclaim does, however, demand attorney’s fees, but no proof thereon has been offered. In the light of the foregoing the court does not have to make any finding as to the willful exaggeration of the amount claimed in the lien and, accordingly, the counterclaim is dismissed for failure of proof.
Both defendants are, accordingly, entitled to a judgment dismissing the complaint, and the counterclaim is, as indicated, also dismissed.
All motions upon which decision was reserved and not specifically disposed of by this decision are denied.
This constitutes the decision of the court in accordance with section 440 of the Civil Practice Act. Settle judgment accordingly on one day’s notice.