Mario Pittoni, J.
The plaintiff seeks to foreclose a mechanic’s lien filed against the defendants for the alleged balance due on a written contract and for the claimed “ extra and/or additional work ”. The contract was for the installation of an acoustical ceiling at the Mid-Island Bowl in Hicksville for $32,000. The defendants interposed two counterclaims seeking damages for (a) the plaintiff’s delay in completing the ceiling, and (b) the plaintiff’s willful exaggeration of its lien. The action against Mid-Island Shopping Plaza, Inc., was discontinued by stipulation.
The principal issue is the meaning of the contract entered into on August 22, 1957, and in particular the rider which stated:
*293 “Contractor shall furnish all labor and materials necessary for the complete installation of mechanical suspension system, Owens-Corning Fibreglass ceiling board, insulation, sheetrock, fireproofing materials, moldings, corner moldings and cut-outs as per plans and specifications of Lathrop Douglass and Robert Levien.
* # *
“ It is understood that a two hour fire rating is now required on all areas and contractor assumes responsibility for putting in ceiling, curtain walls, etc., which shall meet Town of Oyster Bay building requirements and any other governing codes.” (Emphasis added.)
This problem of contract construction has arisen by reason of the Town of Oyster Bay building inspector’s insistence on certain ceiling changes and additions to meet the ‘ ‘ two hour fire rating” etc.; and these changes and additions caused the claimed “ extra and/or additional work ” for which the plaintiff seeks payment over and above the contract price. The plaintiff complied with the building inspector’s requirements.
The plaintiff contends that the clause in issue needs interpretation by other evidence, and that as so interpreted the contract did not obligate the plaintiff to meet such requirement. The plaintiff maintains that a specific set of plans and specifications was incorporated into the contract, that the ceiling which finally had to be installed to meet the town’s requirements differed from the original set of plans and specifications, that it was obligated to comply with town requirements in contradiction to that original set only if the requirements were as to minor details, and that two clauses of the rider were repugnant to each other: one called for a specific ceiling per plans and specifications, and the other for a ceiling which would meet ‘ ‘ a two hour fire rating ” requirement of the town.
The defendants argue, however, that the language is clear on its face, and that it means just what it says: “ contractor assumes responsibility for putting in ceiling * * * which shall meet Town of Oyster Bay building requirements ”.
The plaintiff had the burden of proving that the ceiling was to be constructed only according to the claimed set of plans and specifications, and has failed to meet the obligation by a preponderance of evidence. John Reetz, an officer of the plaintiff, said that on the date of the contract, August 22, 1957, he received a complete set of drawings on the Mid-Island Bowl, dated August 2, 1957 and revised August 13, 1957, and that the contract was to erect a ceiling in compliance with a sheet attached to that set of drawings. However, these drawings *294 were not attached to the contract, were not specifically referred to in the contract, were not produced at the trial, and their absence was not satisfactorily accounted for. Testimony by Mr. Eeetz and a friend as to how Mr. Eeetz mailed them as a favor to this friend, and how the drawings were mailed back to Mr. Eeetz and never received, fails to convince. Furthermore, no tracer was filed with the Post Office Department to recover these important documents, and the friend has no record of transmittal of these drawings to Mr. Eeetz. The defendants’ witness, Franklin Frank, the Wallen Contracting Corp. officer who negotiated this contract, denied that he showed or gave Mr. Eeetz any such drawings, or that the ceiling was to be erected according to them. Although the testimony of a witness to corroborate Mr. Frank was valueless, the testimony of Mr. Frank is more acceptable in the light of the surrounding circumstances.
The court also finds no repugnancy between the two clauses of the rider; the clauses are reconcilable; the intention of the parties is clearly set forth. The plaintiff specifically assumed the obligation of erecting a ceiling with a two-hour fire rating. The provision of the rider in itself was sufficient to obligate the plaintiff to put in a ceiling meeting the requirements of the Town of Oyster Bay despite additional expense. This was clearly within the contemplation of the parties at the time of contract.
In addition to the plain language of the rider, the contract contained provisions which imposed upon the plaintiff the risk of making changes required by the municipality. The contract specified (1) that the plaintiff would furnish, without extra charge, any work or materials 61 required to conform the building to all Laws, and the Rules and Regulations of all Municipal Departments and Board of Fire Underwriters”, (2) that if there was any conflict between drawings and specifications and the law <£ the law is to be followed ”, (3) that the plaintiff would do all work required to remove any violations or to comply with inspections by the departments or official bodies, all without additional charge to the defendant, and (4) that the plaintiff would perform without additional cost to the defendant all work necessary to obtain approval from all municipal authorities having jurisdiction. The mere fact that the performance of a contract becomes economically unprofitable is insufficient to relieve a party from his contractual obligations (Cameron-Hawn Realty Co. v. City of Albany, 207 N. Y. 377), This is so even though the increased cost and expense result from the inter *295 ference of law or government regulation (Baker v. Johnson, 42 N. Y. 126, 131; Raner v. Goldberg, 244 N. Y. 438; see, also, Lorillard v. Clyde, 142 N. Y. 456, 462).
Mr. Beetz claimed that the extra and additional work required by the town was requested by Franklin Frank, and that Mr. Frank said that they would adjust the price after the job was completed. Frank denied this, and he is corroborated by other evidence. Prior to completing the ceiling the plaintiff submitted to defendant Wallen Contracting Oorp. three requests for payment for work done. These requests for payment were submitted on plaintiff’s forms which provided blanks for the value of the contract, the value of extras, the total of the job, a credit, if any, and the value of the net contract. In all three requests the value of the contract is stated to be $32,000, and none of them makes any mention of any extra work which had to be done under the contract. Then too, the contract provides that the 1 ‘ contractor shall not * ° * perform any additional or extra work, except upon written order from the builder.” In conformance with this provision the plaintiff obtained three written orders totaling $290.65. Thus, it would appear, if the plaintiff’s version is to be accepted, that the plaintiff obtained written orders for the trivial but not for the substantial.
Thus, the plaintiff has failed to prove that the contested provision of the contract was modified, if it could be, by oral agreement of the parties. Anyway, the language is clear on its face, and the plaintiff assumed the “ responsibility for putting in ceiling * * ® which shall meet Town of Oyster Bay building requirements ”»
On the other hand, the defendants have not sustained their burden of proof on the two counterclaims. In one the defendants seek damages for loss of rental as a result of the operation of a penalty clause in the lease with its tenant because opening of the bowling alley was delayed beyond a certain date. The testimony indicated that the plaintiff was not responsible for the delay. The delay was for numerous reasons, including the fact that the roof was not tight, preventing installation of the ceiling, delay caused by other trades, a cement strike, and many changes requested by the town. Also, there was no proof that the plaintiff had knowledge of the lease or its provisions, or that it was in the contemplation of the parties at the time of contract.
In the other counterclaim the defendants seek damages for exaggeration of the lien. This cause is predicated on section 39-a of the Lien Law, and must be read in conjunction with section 39 of that law which requires that the exaggeration be *296 “■wilful”. It means intentional and deliberate. Defendants have failed to show that plaintiff’s claim for extra and additional work was fictitious, groundless and fraudulent.
The parties concede that $25,813 has been paid on the contract, leaving a balance of $6,187 due under the contract, and $290.65 due under three written orders. A total of $6,477.65 is now due. The demand in the complaint, but in the reduced amount of $6,477.65, is granted and the counterclaims are dismissed.