■   JACK GOODMAN, Doing Business as KEYSTONE CONTRACTING CO., Respondent, v. DEL-SA-CO FOODS, INC., Appellant, et al., Defendant.

MEMORANDUM: Judgment insofar as appealed from affirmed, with costs to respondent. The judgment (1) dismissed plaintiff's action to foreclose his mechanic's lien, on the ground that he willfully exaggerated his claim (Lien Law, § 39); (2) ordered the lien cancelled of record; (3) granted judgment to plaintiff against defendant for services rendered and materials furnished, in the amount of $9,380.89, plus interest and costs, making a total judgment of $10,952.72; and (4) dismissed defendant's counterclaims. In its answer defendant had set forth two counterclaims. In one it alleged that plaintiff willfully exaggerated his claim, and alleged that as a result thereof defendant suffered damage in the conduct of its business and in its reputation and was required to retain counsel, all to defendant's damage in the sum of $10,000. In the second counterclaim defendant asked for damages for careless performance of the work by plaintiff. At the close of the evidence the court, without exception, dismissed both counterclaims "for failure of proof". In its notice of appeal defendant stated that it appeals from that portion of the judgment which "fails to grant judgment in favor of" defendant against plaintiff "in an amount equal to the difference between the amount claimed to be due under said plaintiff's alleged notice of lien and the actual amount due thereon, in accordance with the provisions of section 39-a of the Lien Law of the State of New York, and said defendant * * * appeals only from such parts of said judgment as aforesaid." Section 39-a of the Lien Law provides that when a lien has been declared void for willful exaggeration the lienor shall be liable in damages to the lienee to the extent of (1) the premium on a bond given or the interest paid on money deposited to discharge the lien, (2) reasonable attorneys' fees for services in discharging the lien, and (3) an amount equal to the difference by which the amount claimed to be due or to become due as stated in the notice of lien exceeded the amount actually due or to become due thereon. It will be observed that defendant asked in its counterclaim for relief under item (2) above, that is, counsel fees; and defendant does not appeal from the judgment dismissing that item for failure of proof. Neither in its pleadings nor at any time upon the trial did defendant ask for the relief which it seeks on this appeal. Having

failed to plead, prove or request the presently sought relief at any time prior to judgment, and not having asked the trial court to vacate the judgment and for permission to reopen the case, replead and prove damages under section 39-a of the Lien Law, it has no legal standing to press this appeal from the judgment. (*Consolidated Corp.* v. *Colabella Bros.*, 10 Misc 2d 913, 917.) It has pointed out no error committed by the court below. An exaggerated claim may not have been *willfully* exaggerated (*John H. Reetz, Inc.* v. *Stackler*, 24 Misc 2d 291, 296). Despite the finding of the court below that the lien was willfully exaggerated and hence void, the number of items willfully exaggerated and the extent of such exaggeration were not found, nor requested to be found, as required to entitle defendant to recover under section 39-a of the Lien Law (*Durand Realty Co.* v. *Stolman*, 197 Misc. 208, affd. 280 App. Div. 758). Section 39-a of the Lien Law is penal in nature, and "must be strictly construed in favor of the person upon whom the penalty is sought to be imposed." (*Joe Smith, Inc.* v. *Otis-Charles Corp.*, 279 App. Div. 1, 4, affd. 304 N. Y. 684; *Collins* v. *Peckham Road Corp.*, 18 A D 2d 860; *Durand Realty Co.* v. *Stolman, supra.*) The defendant has had its day in court and a full opportunity to present its claim herein. We find no compelling or sufficient reason for disturbing the judgment below.

STEUER, J. (dissenting). A strict adherence to the rules of pleading would require that the judgment be affirmed and the contrary result recommended is based on the interests of justice and does not imply that the learned Trial Justice was at fault in resolving the dilemma before him as he did.

The action was to foreclose a mechanic's lien. The amount of the lien as filed was $22,804.68 over and above all payments previously made. The trial court found that the amount actually due plaintiff was $9,380.89 and that the amount claimed represented a willful exaggeration. The court thereupon found the lien to be void but allowed the plaintiff a recovery of the balance due as a personal claim, as requested in the complaint.

Section 39-a of the Lien Law provides that where the court finds a lien to be void on account of willful exaggeration the person filing the lien shall be liable in damages, in addition to the owner's expenses, for the difference between the amount claimed in the lien and the amount actually due. It is quite clear that no cause of action arises until a suit is instituted to enforce the lien (*Matter of Lustbader Contr. Corp.*, 144 Misc. 875), nor can there be any recovery unless the court finds that there is willful exaggeration (*Clemente Constr. Corp.* v. *Cox Contr. Co.*, 172 Misc. 904). Yet it is apparently proper to assert the willful exaggeration in a counterclaim which necessarily antedates the court's finding of willful exaggeration and, if so found, to recover on it (*Fox Constr. Corp.* v. *Halikman*, 88 N. Y. S. 2d 156 *). And it apparently has become the practice that this is the only way in which the claim of willful exaggeration may be asserted (*Durand Realty Co.* v. *Stolman*, 197 Misc. 208).

Here, two counterclaims were asserted based on section 39-a, but in neither did defendant demand as damages the difference between the amount of the asserted lien and the sum actually due. Instead, it sought the expenses of defending and injury to its reputation or credit by the filing of the lien. The court found that neither of these items was established and the finding is unexceptionable. At no time did the defendant claim on the trial that it was entitled to recover the aforesaid difference, even after the court had announced its finding of willful exaggeration.

---

* This procedure has the indorsement of an authoritative text, Jensen, Mechanics' Liens [4th ed.], p. 440.

So, as to both pleading and procedure defendant has been remiss. Yet by the findings of the trial court it would have been entitled to a recovery if it had asked for it. We believe that the interests of justice warrant a disposition in accord with the findings rather than the procedure. As the interests of justice necessarily differ with the peculiar circumstances of the cases involved, a more detailed exposition of the reasons why this case merits such consideration is in order.

It must be apparent that the relief accorded in section 39-a poses a threat to a lienor quite at variance with the sophisticated lenience with which most claims are regarded. In most types of litigation the plaintiff sets his own estimate on the damages and the most aggravated exaggeration passes without comment. Here it is attended with consequences that have been described as penal (see *Joe Smith, Inc.* v. *Otis-Charles Corp.*, 279 App. Div. 1, 4). Coupled with that is the difficulty of making a determination between what is willful exaggeration and an honest, though mistaken, opinion of the value of goods or services (*Collins* v. *Peckham Road Corp.*, 18 A D 2d 860; *John H. Reetz Inc.*, v. *Stackler*, 24 Misc 2d 291). These elements have combined to subject the provisions of section 39-a to a rigid and technical interpretation (*Joe Smith, Inc.* v. *Otis-Charles Corp., supra*). In the instant case we do not have these elements. The exaggeration arose through factors which could well be described as fraud. On a cost plus contract the lienor charged material and labor to the job which were used on other jobs and sought to escape detection through the happenstance that the material and labor so charged was of the same nature as that used on this job. The court had neither difficulty nor reluctance in finding exaggeration and that it was willful. While courts naturally are prone to award just compensation for work actually performed, and are not easily deterred from so doing by the fact that the workman asked for more than what he may have been entitled to, this is not that case. Here the sufferance of a forfeit and the imposition of a penalty does not offend against fair play nor come close to shocking the conscience. The enactment of section 39-a had an obvious purpose, namely, to insure that the drastic remedy of the lien should not be abused and the rights given to one performing labor should not be diverted to an instrument of oppression.

Here that purpose should not be nullified by defendant's failure to demand its rights in the proper manner. We vote to reverse and remand the matter to Special Term for judgment in accord with its findings but, in view of defendant's presentation, without costs.

Valente, J. P., McNally and Witmer, JJ., concur in Memorandum by the court; Steuer, J., dissents in opinion, in which Stevens, J., concurs.

Judgment insofar as appealed from affirmed, with costs to respondent.