CENTRAL TRUST COMPANY of New York, Appellant, *v.* NEW YORK EQUIPMENT COMPANY, Respondent.

*Construction of contracts — a writing shown by a contemporaneous instrument to be a promissory note.*

Contracts are to be construed in such a manner as to have the effect intended by the parties, if that can be done consistently with the rules of law.

In order to ascertain the intention and meaning of the parties, where different instruments in relation to the same subject-matter are executed at the same time, the several instruments are to be read together.

The following instrument:

"$4,500.00.                              NEW YORK, *April 1st,* 1889.

"Without grace, on the first day of July, 1891, will be due to the order of the New York Equipment Company forty-five hundred dollars, for rental of 300 box cars, under contract of lease of even date herewith, payable at the office of the Central Trust Company in the city of New York.

"THE NEW YORK EQUIPMENT COMPANY,

"By JAS. IRVINE,

"No. 9.                                      *President.*"

read together with a contemporaneous instrument of lease, whereby the United States Rolling Stock Company leased for five years 300 box cars to the New York Equipment Company, and in which the equipment company acknowledged that it had leased and received the cars, and agreed in consideration thereof to pay the rolling stock company as rent, "$4,500 per quarter, which rent is evidenced by the twenty promissory notes executed by the lessee for $4,500 each."

*Held,* in accordance with the disclosed intention of the parties to the contract, to be a promissory note, although it contained no promise on the part of the defendant to pay it, and hence actionable as a promissory note, on non-payment at maturity, at the suit of a transferee for value before maturity after indorsement by the maker.

APPEAL by the plaintiff, The Central Trust Company of New York, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 6th day of July, 1893, upon a decision made at the New York Special Term sustaining the defendant's demurrer to the plaintiff's complaint.

The instruments in suit, declared upon separately as promissory notes, differed only in the dates following the words "without grace."

*A. H. Joline,* for the appellant.

*T. Thacher,* for the respondent.

VAN BRUNT, P. J. :

This action was brought upon eight instruments in writing, declared upon separately. The complaint alleges as to each the plaintiff's incorporation and that of the defendant, and that on the 1st of April, 1889, the United States Rolling Stock Company and the defendant made and executed a certain agreement of lease, a copy of which is annexed to the complaint, and that at the time of the execution and delivery of said agreement said defendant made and executed its twenty certain promissory notes in writing, in accordance with said agreement of lease, and that on or about the 1st day of April, 1889, said defendant made its certain promissory note, being one of the twenty promissory notes in writing above referred to, dated on the last-mentioned day, wherein and whereby for value received it promised to pay without grace on the first day of July to the order of itself at the office of the plaintiff in the city of New York, $4,500, and said promissory note is then set out in *haec verba.*

" $4,500.00. NEW YORK, *April 1st,* 1889.

" Without grace, on the first day of July, 1891, will be due to the order of the New York Equipment Company forty-five hundred dollars, for rental of 300 box cars, under contract of lease of even date herewith, payable at the office of the Central Trust Company in the city of New York.

"THE NEW YORK EQUIPMENT COMPANY,

"By JAS. IRVINE,

"No. 9. *President.*"

The complaint then alleges that said note was thereupon duly indorsed in blank by the defendant, and as so indorsed duly transferred to the plaintiff before maturity thereof, and for value, and the plaintiff is now, and ever since has been, the holder thereof ; that at the maturity of said note the same was duly presented for payment at the place therein specified and payment demanded and refused, and that the whole amount thereof, with interest from July 1, 1891, is now due and payable to the plaintiff from the defendant.

The lease referred to in the complaint between the United States Rolling Stock Company and the defendant, the New York Equip-

ment Company, so far as it is necessary to state the same for a proper consideration of the question presented upon this appeal, is as follows :

"Equipment lease by The United States Rolling Stock Company, hereinafter called the lessor, to The New York Equipment Company, hereinafter called the lessee.

"The lessee above named hereby acknowledges that it has leased from the lessor for a period of five years, and has taken into its custody at Memphis, Tenn., the following railroad equipment and rolling stock, to wit : Three hundred (300) box cars, marked 'Central Railroad & Banking Company of Georgia,' and numbered 2,600 to 2,899, both inclusive, and in consideration of the use of the said property and the stipulations hereinafter contained, said lessee agrees with said lessor as follows :

"The said lessee agrees to pay to the said lessor, as rent for the use of said property, the sum of $4,500 per quarter, which rent is evidenced by the twenty promissory notes executed by said lessee for the sum of $4,500 each, payable, respectively, on the first day of each successive quarter on and after the first day of July, 1889. Said railroad equipment and rolling stock were at the time of shipment, and still are, the exclusive property of said lessor, and said lessee agrees to hold the same until the determination of this lease, on or before the first day of April, A. D. 1894, at the lessee's own risk, and on said first day of April, 1894, or the prior determination of this lease, the lessee shall and will return the same to the lessor in their present good order and condition, reasonable wear and tear alone excepted, and without excuse for non-delivery on account of any accident, unavoidable or otherwise, unless the same shall have been purchased by the said lessee from the lessor within the time and in the manner hereinafter specified."

The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained upon the ground that the written instruments set up in the complaint were not negotiable promissory notes, there being no promise on the part of the defendant to pay.

It is a familiar rule in the interpretation of statutes that the great principle which is to control is the intention of the Legislature in passing the same, which intention is to be ascertained from the

cause or necessity of making the statute, as well as other circumstances. A strict and literal interpretation is not always to be adhered to, and where the case is brought within the intention of the makers of the statute, it is within the statute, although by a technical interpretation it is not within its letter. It is the spirit and purpose of a statute which is to be regarded in its interpretation, and if these find fair expression in the statute, it should be so construed as to carry out the legislative intent, even though such construction is contrary to the literal meaning of some of the provisions of the statute. A reasonable construction should be adopted in all cases where there is a doubt or uncertainty in regard to the intention of the lawmakers. (*People ex rel. Wood* v. *Lacombe*, 99 N. Y. 43.)

The same principle obtains in the interpretation of contracts. Contracts are to be construed so that they may have effect according to the intention of the parties, if that can be done consistently with the rules of law. (*Parshall* v. *Eggert*, 54 N. Y. 18.) Many other cases might be cited sustaining this proposition, which seems to be so self-evident as not to require the support of adjudications.

There is another familiar rule, that in order to ascertain the intention and meaning of the parties where different instruments in relation to the same subject-matter are executed at the same time, these instruments are to be read together. (*Marsh* v. *Dodge*, 66 N. Y. 533.)

Applying these rules of construction to the instruments declared upon in the complaint, can it be for a moment doubted that it was the intention of the parties to the lease, out of which the instruments particularly declared upon arose, and which were executed at the same time, that these latter instruments should be treated as promissory notes? By the terms of this lease they say that the rent which is to become due is evidenced by the twenty promissory notes executed by said lessee for the sum of $4,500 each, payable respectively, etc.

Now, the parties to the lease having declared that these evidences of rent shall be promissory notes and considered as promissory notes, how can one of the parties to that instrument recede from the definition which it has put upon its own contract?

It is not necessary to go to law books and to quote adjudications

in order to understand what the intention of the parties to this contract was. The defendant has declared what these instruments are, and has induced the other party to the contract to take them in that form, declaring them to have a certain legal effect, and when called upon to pay, it says its declaration is untrue. We do not think for a moment that the defendant can stand in a court of justice and be permitted to raise such a plea.

It is urged upon the part of the respondent that these writings are not promissory notes because they do not contain any promise to pay; and that they are not acknowledgments of anything which is due, but of something which is to become due. But, referring to the instrument out of which these papers grew, there is an express promise to pay the sum evidenced by these twenty promissory notes. The lessee, the defendant, agrees to pay to the lessor as rent for the use of said property the sum of $4,500 per quarter. The lessee is recited to be in possession of the property, which is recited to have been leased from the lessor for the period of five years, and that the lessee has promised to pay the rent evidenced by these promissory notes. Here is a promise to pay, if nowhere else; although, we think, it is a forced construction that in the instruments themselves a promise cannot be inferred when they are construed in connection with the instrument of which they formed a part. It seems to be clear, therefore, that the claim that these writings are mere statements that amounts will be due from the signer, cannot for a moment prevail. This seems to be another absolutely convincing consideration that these parties supposed that they were making negotiable promissory notes to evidence the amount of rent which would fall due under the lease and for the use of the property of which the lessee, the defendant, was in possession.

We are of opinion, therefore, that the judgment should be reversed, with costs and with leave to the defendant to answer over upon payment of the costs below and of this appeal.

O'BRIEN and PARKER, JJ., concurred.

Judgment reversed, with costs and with leave to the defendant to answer over upon payment of the costs below and of this appeal.