Frank Osborne, Respondent, v. International Rail-
way Company, Appellant.

**Street railroads — transfers — construction and application
of statute authorizing the recovery of a penalty for a refusal to
give a passenger a transfer where he is entitled thereto.**

1. The purpose of the statute (Public Service Commissions Law
[Cons. Laws, ch. 48], § 49, subd. 7) which authorizes the recovery of
a penalty for a refusal to give a passenger a transfer where he is
entitled thereto under the section, is obviously to compel railroads
coming within its provisions to furnish to a passenger for a single
rate of fare transfers over the line operated by such method, " to
the end that public convenience may be promoted." It is not to
promote the convenience of a single passenger, but the public
generally.

2. Where the failure complained of is due to the inadvertence and
mistake of a conductor who gave a transfer but not in proper form
so that it could be accepted, under the rules of the company, by the
conductor to whom it was subsequently offered for passage, it cannot
be said to be a " refusal " within the meaning of the statute.

*Osborne* v. *International Ry. Co.*, 177 App. Div. 709, reversed.

(Submitted April 28, 1919; decided May 20, 1919.)

Appeal, by permission, from a judgment entered
April 12, 1917, upon an order of the Appellate Division
of the Supreme Court in the fourth judicial department,
which reversed a judgment of the Supreme Court at
Special Term reversing a judgment of the City Court of
Buffalo in favor of plaintiff and dismissing the complaint,
and reinstated said City Court judgment.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Harold S. Brown* for appellant. In an action for a
penalty the statute must be strictly construed against
the party claiming under it. (*Palm* v. *N. Y., N. H.
& H. R. Co.*, 42 N. Y. S. R. 222; *Vail* v. *Broadway R.*

*Co.*, 147 N. Y. 381; *Goodspeed* v. *Ithaca R. Co.*, 184 N. Y. 351; *Chase* v. *N. Y. C. R. R. Co.*, 26 N. Y. 525.) There was not a refusal to comply with the requirements of subdivision 7 of section 49 of the Public Service Commissions Law, within the meaning of the statute. (*McCarthy* v. *International Ry. Co.*, 126 App. Div. 182.)

*Harold J. Tillou* and *Hamilton Ward* for respondent. There was a refusal to comply with the requirements of section 49, subdivision 7, of the Public Service Commissions Law within the wording of the statute. (*Coosaw Mining Co.* v. *South Carolina*, 144 U. S. 550; *Minor* v. *Erie R. R. Co.*, 171 N. Y. 573; *O'Reilly* v. *B. H. R. R. Co.*, 95 App. Div. 253; 179 N. Y. 450; *Tompkins* v. *Hunter*, 149 N. Y. 117; *Weber* v. *Rochester & Syracuse R. R. Co.*, 145 App. Div. 84; *Rosenburg* v. *Brooklyn Heights R. R. Co.*, 91 App. Div. 580; *Charbonneau* v. *Nassau Electric Co.*, 123 App. Div. 531; *Snee* v. *Railroad Co.*, 120 App. Div. 570; *Jacobs* v. *Railroad Co.*, 71 App. Div. 199; *Eddy* v. *Railroad Co.*, 50 App. Div. 109; *Kinney* v. *Railroad Co.*, 90 Misc. Rep. 672; *Gasper* v. *Railroad Co.*, 51 Misc. Rep. 40; *Harris* v. *Interurban R. R. Co.*, 46 Misc. Rep. 244.)

McLaughlin, J. This action was brought in the Municipal Court of the city of Buffalo to recover, under section 59 of the Railroad Law (Con. Laws, ch. 49) and subdivision 7 of section 49 of the Public Service Commissions Law (Con. Laws, ch. 48), a penalty of fifty dollars. The plaintiff had a judgment which was reversed and the complaint dismissed by the Special Term of the Supreme Court. He appealed therefrom to the Appellate Division, where the same was, by divided court, reversed and the judgment of the Municipal Court affirmed. By permission, the defendant appeals to this court.

Section 59 of the Railroad Law provides that any

railroad corporation which shall ask or receive more than the lawful rate of fare, unless such overcharge were made through inadvertence or mistake not amounting to gross negligence, shall forfeit fifty dollars, to be recovered, with the excess so received, by the party paying the same.

At the conclusion of the trial the plaintiff consented, in so far as a recovery was sought under this section, that the complaint be, and the same was, dismissed. The judgment thereafter rendered was based solely upon the provisions of subdivision 7 of section 49 of the Public Service Commissions Law, which provides that: " Until and except as the public service commission shall otherwise prescribe as to any street railroad corporation or corporations pursuant to the provisions of this chapter, every street surface railroad corporation entering into a contract with another such corporation as provided in section seventy-eight of the Railroad Law shall carry or permit any other party thereto to carry between any two points on the railroads or portions thereof embraced in such contract any passenger desiring to make one continuous trip between such points for one single fare, not higher than the fare lawfully chargeable by either of such corporations for an adult passenger. Every such corporation shall upon demand, and without extra charge, give to each passenger paying one single fare a transfer entitling such passenger to one continuous trip to any point or portion of any railroad embraced in such contract, to the end that public convenience may be promoted by the operation of the railroads embraced in such contract substantially as a single railroad with a single rate of fare. For every refusal to comply with the requirements of this subdivision the corporation so refusing shall forfeit fifty dollars to the aggrieved party.   *   *   *."

There was substantially no dispute between the parties as to the material facts involved and their rights neces-

sarily turn upon the construction to be put upon the statute quoted when applied thereto.

The defendant operates a system of street surface railroads in the city of Buffalo. It is made up of several different corporations operated under what is termed in the record the Milburn agreement. On the 12th of September, 1915, the plaintiff desired to go from the corner of Burgard place and Walden avenue to the corner of Elk and Sidway streets in the city of Buffalo. The shortest and most direct route between these two points is westward from Burgard place and Walden avenue, via a west-bound Sycamore street car to the corner of Fillmore avenue and Sycamore street; thence southerly upon a Fillmore avenue car to the corner of Abbott road and Smith street; thence westerly via an Abbott-South park car to the corner of Elk and Sidway, to the point of destination. About 10:20 in the evening of the day mentioned the plaintiff boarded a Sycamore street car, asked for and received an Abbott-South park car transfer, which he presented to the conductor on the south-bound Fillmore avenue car, and he then asked for and received a second transfer to the Abbott-South park line. He put this second transfer in his pocket without examination. At the end of this line he boarded an Abbott-South park car and presented the transfer last given to him. This transfer was accepted by the conductor, but he subsequently discovered the time within which it could be used had expired, and he then gave it back to plaintiff and told him he would have to pay his fare, which he did without objection or protest of any kind. The transfer was punched 10 o'clock, and when presented by plaintiff it was past 11 o'clock. Under the rules which had been adopted by defendant as to the use of transfers it could not be accepted by the conductor, as the time for its use had expired. It also appeared that this transfer was issued between 9:58 and 11 o'clock, during which period the conductor had issued seventy-three transfers,

including that given to plaintiff, or an average of more than one every minute, besides attending to his other duties. The transfer should have been punched 11 o'clock instead of 10. The error, it is obvious, from the conceded facts, was due to the inadvertence and mistake of the conductor. This the plaintiff practically conceded at at the trial when he consented that the complaint be dismissed so far as a recovery was sought under section 59 of the Railroad Law, since under that section a recovery could not be had if the overcharge " was made through inadvertence or mistake not amounting to gross negligence."

The question presented, therefore, is whether, upon the facts stated, defendant *refused*, within the meaning of subdivision 7 of section 49 of the Public Service Commissions Law, to give the plaintiff a transfer. The defendant had provided for a system of transfers, had supplied its conductors with the same and was endeavoring, in good faith, to comply with the terms of the statute. The conductor gave the plaintiff a transfer, and had he examined it and called the attention of the conductor to the mistake, it is fair to assume it would have been immediately corrected.

Can it be said, under a fair construction of the statute, upon the facts stated, that defendant refused to give plaintiff a transfer? I do not think it can. The ordinary signification of the word " refuse " is " to deny a request or demand." Refusal is active, while neglect is passive. The conductor did not refuse to give plaintiff a transfer; he neglected to give him a proper one, and to construe the statute as respondent contends, the word " refuse " must be construed in the sense of neglect. This I cannot believe the legislature ever intended. The cardinal rule in the interpretation of statutes is to give effect to the intention of the legislative body which enacted them. This intention is primarily to be ascertained from the language used, giving thereto the ordinary meaning. (*People ex rel.*

*Onondaga Co. Savings Bank* v. *Butler*, 147 N. Y. 164.)   A
reasonable construction should, in all cases, be adopted
where there is a doubt or uncertainty in regard to the
legislative intent.   (*Central Trust Co.* v. *N. Y. Equipment
Co.*, 74 Hun, 405.)   In *Murray* v. *N. Y. C. R. R. Co.*
(3 Abb. Ct. App. Dec. 339) the court held that the letter
of a statute would be restrained by the spirit of the
enactment, even though a liability imposed thereby
was without qualification.   In that case the obligation
imposed by the statute was to make the railroad com-
pany liable for damages which should be sustained when
fences alongside of its tracks were out of repair.   The
court held that although the language was mandatory
it was intended thereby to impose a liability only in case
of negligence.

The purpose of this statute is obvious.   It is to compel
railroads coming within its provisions to furnish to a
passenger for a single rate of fare  transfers over the
line operated by such method, " to the end that public
convenience may be promoted."   It is not to promote
the convenience of a single passenger, but the public
generally.   (*Topham* v. *Interurban St. Ry. Co.*, 96 App.
Div. 323.)

In the present case, as already indicated, the defendant
is endeavoring, in the operation of its roads, to promote
the public convenience by strictly complying with the
terms of the statute.

It would be, as it seems to me, a harsh, unjust and
unreasonable rule of construction to hold, upon the facts
here presented, that defendant refused to give a transfer
and thereby subjected itself to a penalty of fifty dollars.
A statute awarding a penalty is to be strictly construed,
and before a recovery can be had a case must be brought
clearly within its terms.   (*Chase* v. *N. Y. C. R. R. Co.*,
26 N. Y. 523; *Goodspeed* v. *Ithaca St. Ry. Co.*, 184 N. Y.
351.)

I am of the opinion that defendant did not  refuse to

give a transfer within the meaning of the statute, and therefore, the judgment appealed from should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CHASE, COLLIN, HOGAN, CRANE and ANDREWS, JJ., concur; CUDDEBACK, J., not sitting.

Judgment reversed, etc.