Joe Smith, Inc., Respondent, *v.* Otis-Charles Corp., Appellant, et al., Defendants.

Fourth Department, September 26, 1951.

*Benjamin E. Shove* for appellant.

*Gordon H. Mahley* for respondent.

WHEELER, J. The action, tried before an official referee, was brought under article 3 of the Lien Law for the foreclosure of a mechanic's lien filed by the plaintiff-respondent, Joe Smith, Inc., against certain property situate in the city of Syracuse owned by the defendant-appellant, Otis-Charles Corp. The action was either dismissed or discontinued as to all the other defendants excepting the appellant.

The principal question raised on this appeal relates to the applicability of sections 39 and 39-a of the Lien Law. Section 39 provides that "In any action or proceeding to enforce a mechanic's lien * * * if the court shall find that a lienor has wilfully exaggerated the amount for which he claims a lien as stated in his notice of lien, his lien shall be declared to be void and no recovery shall be had thereon. * * * " Section 39-a provides that "Where in any action or proceeding to enforce a mechanic's lien * * * the court shall have declared said lien to be void on account of wilful exaggeration the person filing such notice of lien shall be liable in damages to the owner or contractor. * * * "

On November 10, 1945, plaintiff entered into a written contract with defendant-appellant, which provided for the wrecking and excavation of a building which had been partially destroyed by

fire, and for construction of a new six-story building. The cost to the owner was $126,000, of which $10,000, as a first installment, was paid upon the execution of the contract.

On January 11, 1946, after an exchange of letters in which the dissatisfaction of both parties was expressed, the defendant, Otis-Charles Corp., cancelled the contract. Thereafter, plaintiff filed a mechanic's lien upon which this proceeding was instituted. The lien was originally filed for $30,900, that being the balance claimed to be due to plaintiff after giving credit for the $10,000 initial payment, but by later stipulation between the parties it was reduced to $19,900.

The complaint demands judgment of foreclosure of the lien and the alternative judgment in personam afforded by section 54 of the Lien Law. The answer of the appellant contains the usual denials, as well as an affirmative defense and counterclaim, in which it alleges that the lien was willfully exaggerated, and demands judgment for damages pursuant to section 39-a of the Lien Law.

The case was tried upon the theory that the contract was terminated as a result of the mutual dissatisfaction of the parties, and that plaintiff was entitled to compensation for the actual work performed and services rendered for the benefit of the defendant up to the time of the termination of the contract. No question of breach of contract is presented here.

The Official Referee found that defendant was indebted to plaintiff in the sum of $724.33 rather than $30,900, the amount claimed by plaintiff in the original lien. From such a premise the defendant argues persuasively that the Referee erred in refusing to declare the lien to be void on account of willful exaggeration, thereby depriving the defendant of its damages under section 39-a.

At the outset of the trial, before any evidence had been received, the defendant moved to dismiss the complaint (and, presumably, the lien) upon the ground that the notice failed to comply with subdivision 4 of section 9 of the Lien Law. Decision was reserved and the motion renewed at the close of the plaintiff's case, at which time the motion was granted as to all other defendants and an order entered specifically discharging the lien. The trial was then continued and defendant introduced evidence bearing upon the value of plaintiff's services. At the close of all the evidence, judgment was rendered in favor of plaintiff in the amount of $724.33 and the counterclaim was dismissed.

Out of this judgment arise the two issues raised by appellant upon this appeal, (1) the dismissal of appellant's counterclaim,

and (2) the sufficiency of the evidence to support the judgment for the plaintiff.

Under these circumstances, we conclude that the counterclaim, predicated upon section 39-a was properly dismissed. This section provides for an additional and drastic penalty and, of course, must be strictly construed in favor of the person upon whom the penalty is sought to be imposed. The section provides that " *Where in any action or proceeding to enforce a mechanic's lien* \* \* \* the court shall have declared said lien to be void on account of wilful exaggeration \* \* \* *"* damages to the owner may be awarded. (Emphasis supplied.) After the lien was discharged for patent defects appearing on its face, the action was no longer one to foreclose the lien, but an action on contract, pursuant to section 54 of the Lien Law. In other words, the lien having been discharged, there remained no lien to be foreclosed or to be declared void.

The action which was tried and finally submitted was not merely another facet of the action to foreclose the lien, but a separate and distinct action on contract, which was, without benefit of statute, available to plaintiff at any time after the failure to establish its lien. Section 54, being merely procedural, permits plaintiff to incorporate its common-law action in the statutory action to foreclose. In this connection, the twofold nature of the action, as a proceeding in rem for the foreclosure of the lien, and as a proceeding in personam for the recovery of a personal judgment, should be borne in mind. (9 Carmody on New York Practice, § 704.)

The appellant argues with much logic that it would be a harsh and unwarranted construction of the section conferring rights to the owner as a result of willful exaggeration by an unscrupulous lienor, to require that this defense and affirmative relief be contingent upon its abandoning all other defenses. This argument is not without force, but we must note that appellant is seeking to invoke a highly penal statute. One of the well-settled canons of statutory construction is that purely statutory offenses cannot be established by implication. Acts cannot be held to be penal in nature unless there is a clear and unequivocal expression of the legislative intent to make them such. (*Burks* v. *Bosso*, 180 N. Y. 341, 344; *Durand Realty Co.* v. *Stolman*, 197 Misc. 208.) We cannot believe that the Legislature intended so drastic a remedy to be available to an owner except in the case where the lien is valid in all other respects and the owner must await a determination of an extended trial in a foreclosure action to have the lien declared void and discharged by reason

of its exaggeration. In any event, the statute is to be construed so as not to subject the lienor to a penalty by any implication of fact or law.

The appellant having succeeded in obtaining a discharge of the lien at the beginning of the trial, the foreclosure action was thereby terminated, and thereafter the court was without authority to declare the lien void on account of willful exaggeration.

The remaining question relates to the value of plaintiff's services rendered to defendant prior to the termination of the contract. We find adequate evidence to support the various items as allowed by the Referee, with one exception, i.e., the finding " That the cost of necessary liability and social security insurance required on the job is $1,750.00." We find no evidence in the record to support this item. After eliminating the $1,750, the remaining items as allowed by the Referee total $8,924.33, which should be charged against the $10,000 advanced to the plaintiff, thus leaving a balance due from the plaintiff to the defendant in the sum of $1,075.67.

The judgment, insofar as it awards plaintiff judgment against the defendant-appellant, should be reversed on the law and facts, and judgment should be directed in favor of defendant-appellant and against plaintiff in the sum of $1,075.67; otherwise, the judgment should be affirmed, with costs in favor of the defendant-appellant.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and WHEELER, JJ.

Judgment insofar as it awards plaintiff judgment against the defendant-appellant reversed on the law and facts and judgment directed in favor of defendant-appellant and against plaintiff in the sum of $1,075.67; otherwise judgment affirmed, with costs in favor of the defendant-appellant. Certain findings of fact disapproved and reversed and new findings made. [See *post,* p. 708.]