■ The People of the State of New York, Respondent, v. Elgin W. DeVeaux, Appellant.— Order reversed upon the law and matter remitted to Onondaga County Court for further proceedings not inconsistent with the memorandum. Memorandum: Defendant attacks his sentence as a second felony offender on the ground that such sentence was based in part on a Florida conviction for an offense which would not have constituted a felony if committed in New York as required by section 1941 of the Penal Law. The Florida statute under which he was convicted provided for two separate alternative fact situations, either of which would violate that statute, but only one of which would constitute a felony if committed in New York. The rule set down in *People v. Love* (305 N. Y. 722) is applicable and under that rule the court may look to the foreign information or indictment to determine the material and operative facts of the foreign statute. Upon a determination of such facts, the court may then compare them to the applicable New York statute to find whether the offense would constitute a felony if committed here. In this present case the Trial Judge looked only to the judgment of conviction. Recourse should have been had to the information or indictment. All concur. (Appeal from an order of Onondaga County Court denying petitioner's application for a writ of error *coram nobis*.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

■ Eagle Contractors of Utica, Inc., Respondent, v. Margaret Black, Appellant.— Judgment modified on the law and facts in accordance with the memorandum and as modified affirmed, without costs of this appeal to either party. Certain findings of fact disapproved and reversed and new findings and conclusions made. Memorandum: The trier of the facts in this case has in substance found that the notice of lien filed by plaintiff was valid. Based upon such a finding it has been adjudged that the lien attached to and is a valid lien upon a sum of money deposited in court pursuant to section 20 of the Lien Law. The validity of the notice of lien was not seriously litigated upon the trial. In this court, however, appellant makes a vigorous attack upon the document on the ground that the notice was one for work, labor and services whereas the cause of action set forth in the complaint and the proof at the trial related solely to the rental of equipment. One member of the court is of the opinion that the notice of lien is valid but a majority reach a contrary conclusion. In any event, the court is unanimously of the opinion that inasmuch as the prayer for relief in the complaint asks for "such other and further relief as to the court may seem just and proper" a personal judgment should be granted in favor of plaintiff pursuant to section 54 of the Lien Law. (Cf. *Noce v. Kaufman*, 2 N Y 2d 347; *Hawkins v. Mapes-Reeve Constr. Co.*, 82 App. Div. 72, 77, affd. on other grounds 178 N. Y. 236.) All concur, Kimball, J., not participating. (Appeal from a judgment of Oneida Supreme Court for plaintiff in an action to foreclose a mechanic's lien.) Present — Kimball, J. P., Williams, Bastow, Goldman and Halpern, JJ.

■ In the Matter of Mary J. Dunphy, Doing Business as Devonia Nursing Home, Appellant, against Harry B. Crowley et al., Constituting the Board of Zoning Appeals of the City of Rochester, Respondents, and Eastern States Mission of the Church of Jesus Christ of Latter Day Saints, Intervenor-Respondent.— Order affirmed, without costs of this appeal to any party. All concur. (Appeal from an order of Monroe Special Term dismissing on the merits the application of petitioner to annul a determination of the Rochester Zoning Board of Appeals which granted a permit to erect a church.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.