Van Voorhis, J.
The question on this appeal concerns whether appellant is entitled to recover a civil penalty under section 39-a of the Lien Law for the willful exaggeration of a mechanic’s lien. The amount of the lien as filed was $22,804.68 after crediting payments, but the amount actually due thereon was found to have been $9,380.89. The trial court voided the lien on a finding that it had been willfully exaggerated to some extent, but made no finding to show what items were exaggerated willfully or by how much. No finding was called for concerning the extent of willful exaggeration, inasmuch as the answer did not ask for any affirmative relief by way of civil penalty except *194 attorneys ’ fees in obtaining a discharge of the lien of which no evidence was introduced. The burden of proof on a counterclaim to recover a penalty for willful exaggeration is, of course, upon the party claiming it (John H. Reetz, Inc., v. Stackler, 24 Misc 2d 291, 295-296; Consolidated Blasting Corp. v. Colabella Bros., 10 Misc 2d 913, 917-918). The consensus of the court is that the failure of appellant to demand this civil penalty should be overlooked, inasmuch as the issue was litigated of whether the lien was willfully exaggerated by some amount, but recovery of the penalty still depends upon sufficient findings of fact to sustain it. It is urged that under section 39-a of the Lien Law appellant is entitled automatically to recover the entire discrepancy between the amount of the lien as filed and the.amount found due, amounting to $13,423.79, regardless of whether the lien was willfully exaggerated in that entire amount or only to the extent of some portion thereof. Where there is any willful exaggeration in the amount of the lien as filed, the entire lien is forfeited under section 39 of the Lien Law and under the case law as it existed before that section was enacted in 1930 (Aeschlimann v. Presbyterian Hosp., 165 N. Y. 296). It is said that section 39-a of the Lien Law means that, in addition to forfeiture of the lien, the lienor must pay a civil penalty measured by the difference between the amount of the lien as filed and the sum actually owing to the lienor, even though this discrepancy may consist only in part of willfully exaggerated items and the rest of it be due to honest mistake. If só, no findings would be necessary of the items and amounts comprising the willful exaggeration, if it were found, as it was here, that the lien was willfully exaggerated in some undetermined amount. Upon the other hand, if section 39-a imposes a penalty to be measured by the amount of the willful exaggeration, recovery cannot be had in the absence of a finding of the items and amount of the willful exaggeration. We deem the latter to be the correct construction of this enactment.
It is well established that “ Inaccuracy in amount of lien, if no exaggeration is intended, does not void a mechanic’s lien; willfulness also must be shown. (Goldberger-Raabin, Inc., v. 74 Second Ave. Corp., 252 N. Y. 336. See Aeschlimann v. Presbyterian Hospital, 165 N. Y. 296.) ” (Yonkers Bldrs. Supply Co. v. Luciano & Son, 269 N. Y. 171, 176.) The majority at the *195 Appellate Division construed section 39-a as meaning that only the willful exaggerations could be recovered, and that a penalty would not lie measured by any amount in which the lien may have been exaggerated due to honest mistake even though an unspecified portion of the total exaggeration was willful. Concerning this, the Appellate Division said: “ Despite the finding of the cburt below that the lien was willfully exaggerated and hence void, the number of items willfully exaggerated and the extent of such exaggeration were not found, nor requested to be found, as required to entitle defendant to recover under section 39-a of the Lien Law (Durand Realty Co. v. Stolman, 197 Misc. 208, affd. 280 App. Div. 758).” It was held that the extent of the willful exaggeration had to be shown inasmuch as “ Section 39-a of the Lien Law is penal in nature, and ‘ must be strictly construed in favor of the person upon whom the penalty is sought to be imposed.’ (Joe Smith, Inc. v. Otis-Charles Corp., 279 App. Div. 1, 4, affd. 304 N. Y. 684; Collins v. Peckham Road Corp., 18 A D 2d 860; Durand Realty Co. v. Stolman, supra.)”
It was the view of the minority at the Appellate Division that, regardless of how much the exaggeration of this lien may have been due to honest mistake, the whole discrepancy should be recovered. This contention is based on the literal language of section 39-a which says that, in case of willful exaggeration, the damages ‘ ‘ shall include * * * an amount equal to the difference by which the amount claimed to be due or to become due as stated in the notice of lien exceeded the amount actually due or to become due thereon.”
It seems clear to us, as it did to the majority of the Appellate Division, that this sentence is to be read in conjunction with the sentence which immediately preceded it in section 39-a, which says that such a recovery may be had only where “ the court shall have declared said lien to be void on account of wilful exaggeration ” in which event “ the person filing such notice of lien shall be liable in damages to the owner or contractor.”
As has been true more than once of statutory language — even of opinions of courts — the language may not perfectly fit the thought, but the intention of the Legislature is plain. The draftsman of the statute was thinking of the simple situation where the entire amount of the exaggeration is willful. The purpose was manifestly to allow the recovery of a civil penalty *196 by the owner, to recompense him for the extra trouble and expense to which he has been put by the filing against his property of a deliberately exaggerated mechanic’s lien, in the amount by which the lien was thus exaggerated. There is no suggestion of an idea that the owner is entitled to recover anything on account of an honest mistake. But according to the construction placed on the statute by the appellant, it would follow that if, for example, there were a $10,000 discrepancy between the lien and the amount due, the laborer or materialman should be mulcted in favor of the owner of the real estate by being required to pay the entire $10,000 even though $8,000 of the discrepancy was found to have been due to honest mistake and only $2,000 to willful exaggeration. The Legislature, in our view, intended no such absurdity. In the Durand Realty Co. case (197 Misc. 208), followed here by the Appellate Division, Mr. Justice Louis A. Vaxente wrote at Special Term (p. 210): “The language of the section, read in connection with the evident intent of the Legislature, indicates that the damages are limited to the amount by which the lien is willfully exaggerated. The statute upon which the plaintiffs rely is highly penal. It subjects any person who violates its provisions to a civil penalty at the suit of the person aggrieved. * * * Innocent and lawful acts must not be made wrongful unless there is a clear and unequivocal expression of the Legislature to make them such [citing cases].” The Durand case was affirmed without opinion (280 App. Div. 758), and has been cited and followed (though perhaps not on this precise point) not only in the case at bar but also in Joe Smith, Inc., v. Otis-Charles Cory. (279 App. Div. 1, 4, affd. 304 N. Y. 684) and in Collins v. Peckham Road Corp. (18 A D 2d 860, 861).
The law is established (Osborne v. International Ry. Co., 226 N. Y. 421, 426) that “ A reasonable construction should, in all cases, be adopted where there is a doubt or uncertainty in regard to the legislative intent. (Central Trust Co. v. N. Y. Equipment Co., 74 Hun, 405.) In Murray v. N. Y. C. R. R. Co. (3 Abb. Ct. App. Dec. 339) the court held that the letter of a statute would be restrained by the spirit of the enactment, even though a liability imposed thereby was without qualification. In that case the obligation imposed by the statute was to make the railroad company liable for damages which should *197 be sustained when fences alongside of its tracks were out of repair. The court held that although the language was mandatory it was intended thereby to impose a liability only in case of negligence.”
In the Osborne case a statute gave a penalty to a passenger on a streetcar whose conductor refused to give a transfer to a passenger upon demand. Recovery of the penalty was denied where the conductor gave the passenger a paper which was not a transfer because not in proper form. The court said (p. 426): ‘ ‘ A statute awarding a penalty is to be strictly construed, and before a recovery can be had a case must be brought clearly within its terms.”
If section 39-a of the Lien Law were held to impose a penalty measured by a discrepancy due to honest mistake it might well be unconstitutional (cf. People ex rel. Lemon v. Elmore, 230 App. Div. 543, 545) where it was held: “ The infliction of a penalty is over and beyond the requirements of the law necessary to abate a nuisance, and to that extent the law is unconstitutional. (N. Y. Const, art. 1, §§ 2, 6; U. S. Const. 14th Amendt. § 1. See Colon v. Lisk, 153 N. Y. 188, 194.) ”
Colon v. Lisle (153 N. Y. 188) held a statute to be unconstitutional providing for the summary seizure of any boat or vessel used by one person in interfering with oysters or other shellfish belonging to another, as depriving persons of “life, liberty or property without due process of law.” (N. Y. Const., art. I, §§ 2, 6; U. S. Const., 14th Amdt.). The court said at pages 195-196: “ The legislature is not vested with the power to arbitrarily provide that any procedure it may choose to declare such shall be regarded as due process of law.” It is difficult to dispute the force of the language in the Durand Realty Co. case (supra, pp. 210-211) that “ If the Legislature intended the punishment for filing a willfully exaggerated lien to be damages for the full amount claimed, the use of brief, simple language could easily have expressed such intent. The use of the equally clear expression ‘ amount equal to the difference by which the amount claimed * * * as stated in the notice of lien exceeded the amount actually due or to become due thereon ’ indicates persuasively that the amount of damages should equal the amount by which the amount actually due was willfully exaggerated.” And again: “ The law was framed to punish *198 willful exaggeration and nothing else (Goldberger-Raabin, Inc. v. 74 Second Ave. Corp., 252 N. Y. 336; Yonkers Builders Supply Co. v. Luciano & Sons, Inc., 269 N. Y. 171; Clemente Constr. Corp. v. Cox Contr. Co., 172 Misc. 904; Sullivan v. O’Dea Realty Corp., 153 Misc. 634). The cases cited deal, it is true, with the provisions of section 39 and not with those of section 39-a, but both sections must be read together. Defendants’ attorney, in his brief, states that extended search failed to discover any action brought for a construction of this section, and diligent examination of all likely sources has failed to reveal any action brought to recover damages under section 39-a.”
Diligent search on our part has disclosed but a single case in the reports where recovery under section 39-a has been granted (Hutchinson Roofing & Sheet Metal Co. v. Gillert Constr. Corp., 275 App. Div. 1048), where “ defendant was entitled to recover damages on account of the exaggerated lien. (Lien Law, §§ 39, 39-a, 54.) ” Examination of the record on appeal (Vol. 18433, Case 1, in Appellate Division, Fourth Department Law Library) shows a finding by an Official Referee that the amount of the willful exaggeration was $1,335 (fols. 301-302), in which exact amount judgment for the penalty was directed to be entered (fol. 310). In numerous instances recovery of penalties has been denied for a variety of reasons, mostly based on the strict construction which a penalty statute requires. The diligence of counsel for appellant, which is considerable, has failed to turn up one case in which the penalty was allowed.
In his opinion in the record the Trial Justice discussed numerous items going to make up respondent’s claim which were deemed to have been exaggerated, and an inference of fact was drawn that the lien contained willful exaggeration, but the Appellate Division was correct in stating that the number of items willfully exaggerated and the extent of such exaggeration were not found nor requested to be found. Possibly the trial court considered that the entire discrepancy between the lien as filed and the amount due constituted willful exaggeration. The record does not show and we do not know. We lack power to make new findings of fact on conflicting evidence which could have been made by the trial court or the Appellate Division by determining how much of this discrepancy was willful (Olney Canning Co. v. State of New York, 230 N. Y. 351, 356; *199 Murray Co. v. Lidgerwood Mfg. Co., 241 N. Y. 455, 458). In the latter decision the court said that, even though inference from the testimony might be permissible, 1 ‘ yet no finding based upon merely permissible inference of fact may be supplied by this court where the court which might have drawn such inference chose not to do so.” If that could not be done in the cases cited to sustain an affirmance, it cannot be done a fortiori for reversal. The reason on account of which such findings were not made by the trial court is evidently that no issue concerning the amount of a civil penalty was presented to it. Appellant had the burden of proof of showing how large a penalty he is entitled to recover. It follows from the finding of some willful exaggeration that defendant would have been entitled to recover in some unfound amount if he had asked for it. The trial court did not segregate the amount by which the lien was willfully exaggerated in order to give a judgment to defendant for which it had not asked. Even though this should not stand in appellant’s way, the case should be remanded to the trial court, with costs to appellant to make the findings on the evidence, or on new evidence to be taken, which the court would have made if the matter had been presented at the trial and which are necessary as a basis for recovering the penalty.