■    DAVIS ACCOUSTICAL CORP., Appellant-Respondent, v. NATIONAL SURETY. CORPORATION, Respondent-Appellant.— BRINK, J. Appeal from a judgment of the Supreme Court, Albany County, entered January 14, 1966, which granted plaintiff's claims for $2,160 and $160 and denied plaintiff's claims for $1,985.44 and $144. The case was previously before this court (24 A D 2d 523) upon an appeal from a judgment granting plaintiff's motion for summary judgment in the amount of $16,681.44. We modified so as to require a new trial as to the

four items here involved. The facts in this case were stipulated at trial. Rogers & Haggerty, Inc., and the Dormitory Authority of the State of New York enterd into a contract for the construction of a dormitory at the State University Teachers' College at New Paltz. Rogers & Haggerty, as general contractors, furnished a performance and payment bond for $612,000 with National Surety Corporation, the defendant herein, as surety. Rogers & Haggerty subsequently subcontracted with plaintiff Davis Accoustical Corporation to perform certain furring, lathing and plastering work. Part of the work to be performed involved plastering of the walls in 38 rooms. At the time Davis was prepared to begin, it was discovered that the walls containing a window had been improperly constructed. Davis informed the contractor, Rogers & Haggerty, that it could not proceed until the rooms were completely ready, due to the extra cost involved in plastering the three walls at one time and subsequently going through the building a second time for the fourth wall. At a meeting held in the lobby of the new building, Mr. Falino, president of Rogers & Haggerty, announced that construction was already several months behind schedule, and because of this, Rogers & Haggerty promised to pay for any extra cost if plantiff would begin immediately. Plaintiff accepted and complied with the request. Defendant bases its defense upon subdivision (d) of paragraph 16 of the contract which provided that the contractor shall not be liable *upon any order* for extra work "unless such order is in writing signed by * * * the contractor". The promise relied upon by plaintiff was given orally at the above-mentioned meeting. The Court of Appeals has held that a prohibition against oral amendments may be waived as may any other provision by agreement between the parties. (*Beatty v. Guggenheim Exploration Co.,* 225 N. Y. 380.) This court, following that principle, has held that recovery might be had for extra work, orally directed, outside the scope of the contract, notwithstanding the provision that a claim for extra work must be supported by written authorization. (*La Rose v. Backer,* 11 A D 2d 314.) Accordingly, the lower court, in finding that the contractor ordered extra lathing for electrical piping, extra work in setting access doors, and work in setting ceramic tile, not covered by the original contract, properly awarded plaintiff judgment. However, as to the cost involved in the second operation of plastering the fourth wall, the lower court found that this was occasioned by the negligence of another subcontractor and therefore came within paragraph 14 of the contract. This paragraph insulated the contractor, Rogers & Haggerty, from any liability due to the delay, default, act or omission of another subcontractor. We do not feel that this provision governs these claims. Assuming this additional operation was occasioned by the faulty work of another subcontractor, plaintiff does not seek recovery on this ground. No injury was occasioned to him by the faulty work. By the terms of the agreement, plaintiff could have delayed performance until the rooms were properly completed. The agreement under which plaintiff was required to plaster the rooms in two operations instead of one as provided in the original contract in effect constituted a new contract, both as to the amount of work and the amount of payment. (*Beatty v. Guggenheim Exploration Co., supra.*) The extra cost resulted from the explicit request by the contractor that plaintiff proceed immediately. Upon this request, plaintiff bases his claim. As in the other two claims, he is entitled to recovery. Order and judgment modified, on the law and the facts, so as to provide that plaintiff recover of the defendant the sum of $4,449.44, with interest, and as so modified, affirmed, with costs to plaintiff-appellant. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur with Brink, J.