A & E PLUMBING, INC., et al., Respondents, v ARTHUR BUDOFF et al., Appellants.

Third Department, February 22, 1979

## APPEARANCES OF COUNSEL

*Joseph Gold* for appellants.

*Capell, Vishnick & Odierno (Bernard Vishnick* of counsel), for respondents.

### OPINION OF THE COURT

KANE, J.

Plaintiffs filed a mechanic's lien upon defendants' real property in the sum of $25,000, contending this sum represented the balance due for materials, labor and services provided pursuant to oral agreements for additional construction, extension and improvements to defendants' residence. Trial Term found that the lien as filed was an overstatement of plaintiffs' claim in the sum of $6,108, but rejected defendants' argument that there had been a willful exaggeration such as would invalidate the lien and entitle them to damages (Lien Law, §§ 39, 39-a).

At trial plaintiffs were unable to prove to the satisfaction of the court all of the items comprising the total amount of their lien as filed. However, this failure of proof does not

necessarily establish a willful exaggeration as contemplated by the statute *(Goldberger-Raabin, Inc. v 74 Second Ave. Corp.,* 252 NY 336, 342; see *Collins v Peckham Rd. Corp.,* 18 AD2d 860). Moreover, in determining the amount of the damages, the Trial Term resolved questions of credibility of witnesses offering proof, a function within the province of the trier of the facts and which, upon an examination of this record, should not be disturbed *(Barnet v Cannizzaro,* 3 AD2d 745). However, we do find credible evidence to support a determination as to the willful exaggeration of the price of a boiler installed on defendants' premises. The sales slip in evidence shows distinct signs of tampering on plaintiffs' part by increasing the boiler's price from $688.45 to $1,688.45 and the total amount of the invoice by the sum of $1,000. Moreover, two independent witnesses furnished corroboration for this determination. Accordingly, it is our view that Trial Term should have granted judgment declaring the lien void (Lien Law, § 39) and we so find (see *Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052).

■ Having so found, it now becomes necessary for us to determine the amount of defendants' damages on their counterclaim (Lien Law, § 39-a). As indicated above, the amount of the willful exaggeration was $1,000 and that sum represents the amount of damages to which defendants are entitled *(Goodman v Del-Sa-Co Foods,* 15 NY2d 191). Since the same statute also provides for an award of reasonable attorney's fees for services in securing the discharge of the lien, an additional sum must be awarded. We find that in view of the time spent upon trial and preparation therefor and the difficulties of the case, the sum of $3,000 would represent reasonable attorney's fees. The amount of the willful exaggeration representing approximately 5% of the total amount of the lien as found by Trial Term, the award of counsel's fees is fixed in the sum of $150 *(Grimpel v Hochman,* 74 Misc 2d 39).

■ As stated above, the record supports the Trial Term's finding that the sum of $18,892 with interest from July 21, 1975 was due the plaintiffs. Therefore, although the lien has been determined invalid, in accordance with the demand in their complaint, plaintiffs are still entitled to recover the damages which they have proven against these defendants, less the amount established by the counterclaim (Lien Law, §§ 54, 64; *Smith Bros. Plumbing Co. v Engine Air Serv.,* 307 NY 903; *Eagle Contrs. of Utica v Black,* 7 AD2d 622, affd 8

NY2d 732; *Cirillo Bros. Petroleum Co. v Kyne Realty Corp.,* 30 Misc 2d 702).

The judgment should be modified, on the law and the facts, by deleting so much thereof as found a valid mechanic's lien and directed foreclosure thereof, and by directing entry of judgment in the sum of $17,742 with appropriate interest against the defendants herein, and, as so modified, affirmed, without costs.

HERLIHY, J. (dissenting). Inaccuracy in amount of lien, if no exaggeration was intended, does not void such mechanic's lien. Willfulness also must be shown (see *Goodman v Del-Sa-Co Foods,* 15 NY2d 191, 194; *Yonkers Bldrs. Supply Co. v Luciano & Son,* 269 NY 171, 176; *Aeschlimann v Presbyterian Hosp.,* 165 NY 296, 304; *E-J Elec. Installation Co. v Miller & Raved,* 51 AD2d 264, 265).

The court that saw the witnesses and heard the testimony and evidence was in a much better situation to assess the credibility and the veracity of the witnesses and there is no fair basis in this record for overruling its decision. The court, on this record, was not required to find, as a matter of law or fact, that the plaintiffs made a willful exaggeration.

The judgment should be affirmed.

MAHONEY, P. J., SWEENEY and STALEY, JR., JJ., concur with KANE, J.; HERLIHY, J., dissents and votes to affirm in an opinion.

Judgment modified, on the law and the facts, by deleting so much thereof as found a valid mechanic's lien and directed foreclosure thereof, and by directing entry of judgment in the sum of $17,742 with appropriate interest against the defendants herein, and, as so modified, affirmed, without costs.