■ HOWDY JONES CONSTRUCTION CO., INC., Respondent-Appellant, v PARKLAW REALTY, INC., et al., Appellants-Respondents.—Cross appeals from a judgment of the Supreme Court, entered June 18, 1979 in Tioga County, upon a decision of the court at a Trial Term, without a jury, which foreclosed a mechanic's lien on real property. On October 31, 1975 plaintiff contracted to excavate and landscape a race track for defendant Parklaw Realty, Inc. The contract price, which was increased in April, 1976, amounted to $190,000. As the work progressed additional agreements were also allegedly entered into regarding "extra work" done by plaintiff. Plaintiff maintained that the total price for the work done approximated $367,-625 and after receiving a partial payment demanded judgment that it had a valid lien in the sum of $106,808.65. The trial court disallowed certain charges for "extra work" and concluded that plaintiff has a valid lien in the amount of $96,877.65 plus interest. These appeals ensued. Initially, it is argued that there may be no recovery against defendant CIB International in view of the fact that its name was not present on the notice of lien. CIB International appeared at trial by its counsel and this issue was not raised until the present appeal. Consequently, we will not consider the issue since it was not raised before the court of original jurisdiction (see *Flanagan v Board of Educ.*, 47 NY2d 613; *Fehlhaber Corp. v State of New York*, 65 AD2d 119). Defendants also contend that plaintiff's lien must be declared void on the ground that plaintiff willfully exaggerated the amount for which it claims a lien. If a lienor willfully exaggerates the amount for which he claims a lien, the lien shall be declared to be void (Lien Law, § 39). This section, however, was intended to punish willful exaggeration and not honest differences in contract interpretation *(Goodman v Del-Sa-Co Foods,* 15 NY2d 191, 194; *E-J Elec. Installation Co. v Miller & Raved,* 51 AD2d 264, 265, app dsmd 39 NY2d 898). A failure of proof does not necessarily establish a willful exaggeration as contemplated by section 39 of the Lien Law *(A & E Plumbing v Budoff,* 66 AD2d 455). Although the trial court disallowed certain charges claimed by plaintiff, there was no evidence that plaintiff intentionally and deliberately exaggerated the amount for which it claims a lien. A review of the record compels us to conclude that defendants' contention that they were double billed for certain "extra work" is without merit. Accordingly, the trial court properly refused to void plaintiff's lien on the ground of willful exaggeration. Regarding defendants' argument that plaintiff failed to perform all of its contractual obligations, we are of the opinion that the issue narrows to one of credibility and the trial court's evaluation of the witnesses' testimony should be given the greatest weight *(Amend v Hurley,* 293 NY 587, 594). The court's finding on this issue is, in our view and contrary to defendants' assertions, not against the weight of the credible evidence or contrary to the law and it should, therefore, not be disturbed *(Buteau v Biggar,* 65 AD2d 652). On its cross appeal, plaintiff urges that the trial court erred in disallowing $8,646 in charges for extra work as a result of its finding that the invoices for said work were not signed by personnel of defendants authorized to approve extra work. We agree. One of plaintiff's witnesses testified that the invoices represented work done by plaintiff that was not contemplated in the original contract and that defendants requested that such work be done. He also testified that the invoices were not signed by personnel of defendants until after the work was done. Recovery may be had for extra work outside the scope of the contract, even though the request is not in writing (see *Davis Acoustical*

*Corp. v National Sur. Corp.,* 27 AD2d 624). Accordingly, we are of the view that the judgment must be modified so as to increase the amount of plaintiff's lien by $8,646. Finally, we disagree with plaintiff's contention that the trial court improperly disallowed certain charges which were billed to Agri Pole Buildings, Inc. Upon consideration of the record, we are of the view that plaintiff failed to demonstrate who was obligated to pay for the work in question and, thus, no reason appears to disturb the trial court's finding that said work should not be charged to defendants. Judgment modified, on the law and the facts, so as to increase the amount of plaintiff's mechanic's lien by $8,646, with appropriate interest, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Casey, JJ., concur.