PER CURIAM.
This appeal concerns a dispute in a Chapter 11 bankruptcy proceeding as to whether a claim filed by appellee George A. Nole & Sons, Inc. (Nole), against the debtor, Mohawk Frozen Foods, Inc. (Mohawk), was based on a “wilfully exaggerated” mechanic’s lien under New York Lien Law §§ 39 and 39-a. The United States District Court for the Western District of New York, Neal P. McCurn, J., affirmed a decision of Bankruptcy Judge Leon J. Marketos that held that (1) the lien had not been timely filed and was therefore invalid and (2) the lien had not been “wilfully exaggerated.” The Creditors Committee of the unsecured creditors appeals the latter determination. We affirm the decision on a different ground from that relied on by the courts below, and deny appellee’s request for attorneys fees.
Appellee Nole, a contractor, performed extensive remodeling work on Mohawk’s property, a seafood restaurant, under an oral agreement entered into sometime in 1978. On December 14, 1981, Nole filed a mechanic’s lien in the Oneida County Clerk’s Office for $100,015.99 in unpaid debts out of a total of $218,074.05 in labor and materials Nole had assertedly provided to Mohawk. Nole moved to foreclose the lien in early 1982, but these proceedings were not concluded by February 8, 1983 when a petition for reorganization of Mohawk under Chapter 11 of the United States Bankruptcy Code was filed. In March 1984, Nole sought to enforce the mechanic’s lien in the bankruptcy court by moving for a declaration that the mechanic’s lien was valid and for liquidation of the debtor’s assets to satisfy the lien on a priority basis. The Creditors Committee submitted an answer challenging the validity of Nole’s claim on several grounds, and a counterclaim for damages under sections 39 and 39-a of the New York Lien Law because the lien had been “wilfully exaggerated.” [1]
Following an evidentiary hearing, the bankruptcy judge ruled that the lien underlying Nole’s claim had not been filed in the Oneida County Clerk’s Office within the four-month period then applicable under New York Lien Law, § 10, and was therefore invalid. The effect of this ruling was to relegate Nole’s claim to the status of an unsecured debt. The bankruptcy judge also reduced one of the items in Nole’s claim by $3,000. However, the judge denied the Creditors Committee’s claim that because the amount of the lien had been “wilfully exaggerated” Nole was liable to the debtor for the amount of the exaggeration, plus attorneys fees.
*9 The Creditors Committee appealed the denial of its claim of wilful exaggeration to the district court. Nole tells us that although it took steps to appeal the decision invalidating the lien, it did not follow through because the assets of the bankruptcy estate did not justify further litigation on the issue. The district court affirmed the bankruptcy court decision in part and remanded it for additional findings regarding two challenged items in Nole’s claim. The bankruptcy court again found no wilful exaggeration. The district court affirmed, and the Creditors Committee appealed to this court.
The Creditors Committee argues, as it did to the district court, that the bankruptcy judge’s findings were clearly erroneous, and that Nole should be found liable to it in the sum of $92,980.95, the amount of Nole’s wilful exaggeration of its lien. Although there is at least a question whether the record supports all of the findings below, we need not reach the issue whether there was wilful exaggeration. Nole correctly argues that damages under section 39-a may not be imposed when a mechanic’s lien has been discharged for reasons other than “wilful exaggeration.” A strict reading of the language of the statute compels this result. Section 39 authorizes the court to declare a lien void and deny recovery if the lienor has wilfully exaggerated the amount claimed. Section 39-a, which must be read in tandem with section 39, Goodman v. Del-Sa-Co. Foods, 15 N.Y.2d 191, 198, 257 N.Y.S.2d 142, 205 N.E.2d 288 (1965), permits the court to impose liability on a lienor “[wjhere ... the court shall have declared said lien to be void on account of wilful exaggeration ...” (emphasis added). Nole’s lien was invalidated on independent procedural grounds, and section 39-a is therefore inapplicable. Joe Smith, Inc. v. Otis-Charles Corp., 279 App.Div. 1, 107 N.Y.S.2d 233 (1951), aff’d mem., 304 N.Y. 684, 107 N.E.2d 598 (1952). In Smith, the court affirmed the dismissal of a counterclaim under 39-a, stating that once “the lien was discharged for patent defects appearing on its face ... there remained no lien to be foreclosed or to be declared void.” Id. 107 N.Y.S.2d at 235.
We recognize that this strict interpretation of the statute permits assessment of damages for wilful exaggeration against a lienor who submits an otherwise proper claim, while a more careless lienor may be exempted from the reach of that penalty provision. However, this is apparently a peculiarity of the New York Lien Law. In Smith, the unsuccessful defendant raised similar concerns. Acknowledging that the argument was not without force, the court nonetheless noted that the appellant was seeking to invoke “a highly penal statute.”
One of the well-settled canons of statutory construction is that purely statutory offenses cannot be established by implication. Acts cannot be held to be penal in nature unless there is a clear and unequivocal expression of the legislative intent to make them such____ We cannot believe that the Legislature intended so drastic a remedy to be available to an owner except in the case where the lien is valid in all other respects and the owner must await a determination of an extended trial in a foreclosure action to have the lien declared void and discharged by reason of its exaggeration.
Id. at 236.
The New York courts have interpreted sections 39 and 39-a extremely narrowly. In Goodman, supra, the New York Court of Appeals construed the language of section 39-a to permit recovery of damages only for the wilfully exaggerated portions of an otherwise inaccurate claim that had been invalidated under section 39, 15 N.Y.2d at 196, 257 N.Y.S.2d 142, 205 N.E.2d 288. The burden of proving such wilful exaggeration is on the party seeking damages. Id. at 194, 257 N.Y.S.2d 142, 205 N.E.2d 288. Stressing the harshness of the statute, Good,man noted that a diligent search had turned up only one reported case in which section 39-a damages had been granted. Id. at 198, 257 N.Y.S.2d 142, 205 N.E.2d 288. Although cases since then have added to that number, see, e.g., A & E Plumbing, Inc. v. Budoff, 66 *10 A.D.2d 455, 413 N.Y.S.2d 776 (1979), Goodman ’s strict construction of the statute has been consistently followed. See, e.g., Howdy Jones Construction Co. v. Parklaw Realty, 76 A.D.2d 1018, 429 N.Y.S.2d 768 (1980), aff’d, 53 N.Y.2d 718, 439 N.Y.S.2d 354, 421 N.E.2d 846 (1981). In this case, appellee concededly did extensive work on Mohawk’s restaurant and has already had its lienor claim for part of that work transformed into a general unsecured claim that is apparently worth very little. Applying the statute here and requiring appellee not only to undergo that loss but also to pay over $92,000 or some lesser but substantial sum would seem particularly harsh. Under the circumstances, we feel bound to follow the construction in Smith.
We therefore affirm the order of the district court. Appellee’s request for attorneys fees is denied.

. Sections 39 and 39-a provide:
§ 39. Lien wilfully exaggerated is void.
In any action or proceeding to enforce a mechanic’s lien upon a private or public improvement or in which the validity of the lien is an issue, if the court shall find that a lienor has wilfully exaggerated the amount for which he claims a lien as stated in his notice of lien, his lien shall be declared to be void and no recovery shall be had thereon. No such lienor shall have a right to file any other or further lien for the same claim. A second or subsequent lien filed in contravention of this section may be vacated upon application to the court on two days’ notice.
§ 39-a. Liability of lienor where lien has been declared void on account of wilful exaggeration.
Where in any action or proceeding to enforce a mechanic’s lien upon a private or public improvement the court shall have declared said lien to be void on account of wilful exaggeration the person filing such notice of lien shall be liable in damages to the owner or contractor. The damages which said owner or contractor shall be entitled to recover, shall include the amount of any premium for a bond given to obtain the discharge of the lien or the interest on any money deposited for the purpose of discharging the lien, reasonable attorney’s fees for services in securing the discharge of the lien, and an amount equal to the difference by which the amount claimed to be due or to become due as stated in the notice of lien exceeded the amount actually due or to become due thereon.