Wang Jia v Kang (2018 NY Slip Op 03317)





Wang Jia v Kang


2018 NY Slip Op 03317


Decided on May 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2018

Sweeny, J.P., Renwick, Mazzarelli, Gesmer, Singh, JJ.


104059/11 6477 6476

[*1]Wang Jia, Plaintiff-Appellant,
v
Edward Kang also known as Chih Shien Kang, et al., Defendants-Respondents, Trigem Realty LLC, Defendant.


Held & Hines LLP, New York (Scott B. Richman of counsel), for appellant.
Donald Eng, New York, for respondents.



Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered January 9, 2017, after a nonjury trial, dismissing the complaint, awarding damages to the individual defendants on their counterclaim for wilful exaggeration of a mechanic's lien pursuant to Lien Law § 39-a, and referring the matter for a determination of the amount of attorneys' fees to be awarded to defendants in connection with that counterclaim, and order, same court and Justice, entered February 2, 2017, which denied plaintiff's pro se motion to set aside the posttrial order directing the entry of a judgment dismissing the complaint, unanimously modified, on the law, to vacate the award of damages and the referral for a determination of the amount of attorneys' fees, and to dismiss the mechanic's lien counterclaim, and otherwise affirmed, without costs.
We see no reason to disturb the trial court's determination, based largely on its assessment of witness credibility, that there was no agreement between plaintiff and the individual defendants that plaintiff would clean the premises at issue (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]). However, contrary to the court's determination that there was no agreement that plaintiff would perform renovations, defendant Kang acknowledged that he agreed to plaintiff's offer to tear down partition walls, and, while plaintiff may have undertaken further renovations of her own accord, emails in evidence show that Kang directed her to complete the renovations of the bathrooms. Nevertheless, plaintiff's quantum meruit claim was correctly dismissed, because she failed to prove the reasonable value of the renovation services (see Lazard Freres & Co. v First Natl. Bank of Md., 268 AD2d 294 [1st Dept 2000]).
Defendants' argument that the mechanic's lien was wilfully exaggerated in its entirety is without merit. The evidence shows that plaintiff was entitled to recover the reasonable value of her services in removing the partition walls and performing the bathroom renovations (but for her failure to prove the reasonable value of those services). By failing to take into account the reasonable value of those services, defendants failed to prove the amount by which the lien was wilfully exaggerated (see Goodman v Del-Sa-Co Foods, 15 NY2d 191, 194 [1965]). Moreover, since the amount of defendants' attorneys' fees incurred in securing the discharge of the lien may be determined according to the percentage of the total amount of the lien represented by the wilfully exaggerated portion (see A & E Plumbing v Budoff, 66 AD2d 455, 457 [3d Dept 1979]), the failure to prove the amount by which the lien was wilfully exaggerated makes it impossible to determine the amount of attorneys' fees, and therefore attorneys' fees cannot be awarded.
Plaintiff argues that defendant Trigem Realty LLC's payments of $30,000 to defendants were not rent but dividends, of which she is entitled to a share. She contends that, pursuant to the statute of frauds, the lease is void because it is not in writing. This argument reflects a [*2]misreading of General Obligations Law §§ 5-701 and 5-703. The indefinite duration of Trigem's existence contemplated by its operating agreement notwithstanding, if there was a possibility that the term of Trigem's oral lease would end within a year, the lease would not run afoul of the statutes (see Foster v Kovner, 44 AD3d 23, 26 [1st Dept 2007]; City of New York v Heller, 127 Misc 2d 814, 816 [Civ Ct, NY County 1985], affd 131 Misc 2d 485 [App Term, 1st Dept 1986]). Plaintiff failed to identify anything in the lease that made it impossible for the term to end within a year.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 8, 2018
CLERK