OSCAR B. LONDON, Respondent, *v.* JENNIE JOSLOVITZ, Individually and as Executrix of JACOB JOSLOVITZ, Deceased, Appellant.

Third Department, January 9, 1952.

*Alexander Pfeiffer,* for appellant.

*Arthur B. Ewig* and *Abraham Streifer,* for respondent.

*Per Curiam.* Plaintiff was the lessee of certain business property owned by defendant under a lease which expired on February 28, 1951. The rental was $373.33 per month, plus some tax payments. The lease contained an option to purchase which is the subject of this litigation between the parties. The plaintiff contends that the option is absolute and seeks specific performance and a conveyance of the premises. Defendant contends the option was a conditional one and amounted only to a " first refusal." We are not concerned with the merits of that litigation which is pending and cannot be tried at the earliest until sometime in 1952. Since March 1, 1951, plaintiff has been occupying the premises without the payment of any rent, and continues to do so. Defendant is obliged to pay the taxes and some other expenses. In the event plaintiff is successful in this action and the premises are conveyed to him, the terms of payment call for an immediate down payment of $5,000 in cash.

Defendant made this motion for an order directing the plaintiff to pay an amount equal to the rent on the basis of the lease, the same to be applied upon the down payment of $5,000 if the property is subsequently conveyed to him. The court at Special Term denied the motion, both for lack of power and in its discretion.

There should be no question of power or authority. This is an action in equity. The power of equity is as broad as equity and justice require, whether by motion in an action, or by action. There is no other limitation. The fact that there is no precedent for the precise relief sought is of no consequence. On the merits there would seem to be no sound reason for denying the motion. Though the plaintiff's claim may be all meritorious, the defendant has a right to present her contentions to a court of justice. She may not be said at this stage of the proceedings to have caused this situation. In the meantime the plaintiff is occupying the premises rent free while the defendant is paying substantial expenses connected with the property. If plaintiff is unsuccessful in the action he would be liable for the rent — if he is successful he will receive credit upon the down payment which will be immediately due. It appears without dispute, and was conceded by plaintiff's counsel on argument, that plaintiff will be in no way harmed by granting the relief sought. In the meantime defendant is being harmed. That should be the answer to the equities and to the motion.

The order should be reversed and the motion granted, with $10 costs.

FOSTER, P. J., HEFFERNAN, BREWSTER, BERGAN and COON, JJ., concur.

Order reversed, on the law and facts, and motion granted, with $10 costs.