■ DAVID R. BUTEAU, Respondent, v JOSEPHINE C. BIGGAR, Appellant.— Appeal from a judgment of the Supreme Court in favor of plaintiff, entered April 13, 1977 in Delaware County, upon a decision of the court at a Trial Term, without a jury. This is an action for specific performance of two contracts to sell real property wherein plaintiff is the purchaser and defendant the seller. Defendant asserted an affirmative defense of fraud and a counterclaim for rescission of both contracts. After a nonjury trial the court found no fraud or deceit at the time of either transfer and granted judgment in favor of plaintiff. This appeal ensued. Defendant, a widow, was the owner and lived on a farm of 162 acres with her several children. It is plaintiff's contention that by the two contracts in question defendant agreed to sell 30 acres of land for $7,000 and the balance of 132 acres for $33,500. It was stipulated in open court that defendant refused to perform the contracts after demand by plaintiff. The record reveals that on April 1, 1972 defendant went to plaintiff's car dealership and test drove an automobile,

subsequently transferred to her; that at the time defendant acquired the new automobile she transferred her station wagon as a trade-in to plaintiff. The balance of the purchase price was to be credited plaintiff on the completion of the property transactions. Thereafter, a second car was transferred to defendant under similar arrangements. After defendant refused to perform the contracts she returned both vehicles to plaintiff who ultimately sold them as abandoned property. The record also reveals that both contracts and binders of agreement were signed by both defendant and plaintiff. They also initialed a change resulting in an increase of the purchase price in the second contract. The court, in granting judgment to plaintiff stated that he could not "give the defendant's testimony but little credence, if any". The testimony and proof as developed at the trial presented questions of fact and credibility which were for the trier of facts to resolve. Considering the record in its entirety, including the testimony of the various witnesses and their relationships to the parties, together with the exhibits and the surrounding circumstances, we are of the view that there is ample proof to sustain the trial court's finding that there was no fraud or deceit at the time of the transfer. Since, in our opinion, said finding is not against the weight of the credible evidence nor contrary to the law, it should not be disturbed (Conti v Henkel, 60 AD2d 678). Our conclusion is bolstered by the fact that the trier of facts had the advantage of observing the various witnesses (Amend v Hurley, 293 NY 587, 594). The trial court, however, failed to take into account the three automobiles involved in the transactions. This court is empowered to grant the judgment which upon the evidence should have been granted by the trial court (Shipman v Words of Power Missionary Enterprises, 54 AD2d 1052). Specific performance is an equitable remedy (Matter of Burke v Bowen, 40 NY2d 264) and the power of equity is as broad as equity and justice require (London v Joslovitz, 279 App Div 280, 282). Plaintiff testified that at the time of the second transaction the purchase price for the property was increased by $3,500 which amount represented the balance owing by defendant to plaintiff on the two vehicles plaintiff transferred to defendant. Plaintiff also testified that he agreed at the time to render the two vehicles to defendant free and clear without any indebtedness which resulted in the increased purchase price. Consequently, following this second transaction defendant was to receive $40,500 plus a 1972 vehicle valued at $4,374.20 and a 1967 vehicle valued at $1,346.80 and plaintiff was to receive defendant's farm consisting of 162 acres plus defendant's station wagon valued at $2,225. The record reveals and we find that defendant returned the 1972 and 1967 vehicles to plaintiff who subsequently sold not only those two vehicles but also the station wagon previously acquired from defendant. Defendant, therefore, is entitled to $40,500 plus the value of the two vehicles at the time of the original transactions in return for the transfer of her property. This amount must be decreased by $450 which is the amount of money found by the trial court to have been already paid by plaintiff to defendant. Accordingly, the judgment should be modified so as to grant specific performance to plaintiff upon the tender by him to defendant of $45,771. Judgment modified, on the law and the facts, so as to grant specific performance of the two contracts upon tender of $45,771, and, as so modified, affirmed, without costs. Sweeney, J. P., Staley, Jr., Main, Larkin and Mikoll, JJ., concur.