■ In the Matter of CITY CONSTRUCTION DEVELOPMENT, INC., Respondent, v COMMISSIONER OF THE NEW YORK STATE OFFICE OF GENERAL SERVICES et al., Appellants.—Crew III, J. Appeal from a judgment of the Supreme Court (Conway, J.), entered October 22, 1990 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent Comptroller to pay petitioner sums due it upon completion of a public works project.

Petitioner is a contractor who submitted a bid form for a public improvement project involving the removal of asbestos and demolition of several buildings in Suffolk County. The bid form required that petitioner, who was the successful bidder, submit performance and payment bonds to respondents before the contract could be awarded. The bonds were submitted to the Attorney-General for approval and were thereafter filed with respondent Comptroller in August 1988. On August 20, 1988, the parties entered into a contract which provided that petitioner would be paid $5,878,750 for completion of the public improvement project. Petitioner began work on the project as the result of which respondents made two payments in January and February 1989 totaling $2,656,434.57.

Sometime in August 1989, respondents discovered that there was no contractual relationship between petitioner and the surety named in its performance and payment bonds* as the result of which petitioner was advised that no further pay-

---

* It appears that petitioner was defrauded by his broker who had no authority to bind the surety.

ments would be made until replacement bonds were obtained. However, respondents did not cancel the contract and petitioner continued performance thereof until 95% of the work was completed. On September 11, 1989, petitioner submitted a requisition for payment in the amount of $2,272,365.84 which was approved by respondents' field representative. However, respondents refused to pay said requisition until replacement bonds were obtained. Petitioner never obtained the replacement bonds and, on December 7, 1989, commenced this CPLR article 78 proceeding seeking to annul respondents' determination to withhold payment under the contract until replacement bonds were obtained, and to compel payment under the contract. Supreme Court directed respondents to pay petitioner on its outstanding requisition for payment, including any interest, and to retain 10% of that amount for six months to satisfy any outstanding subcontractor claims. This appeal ensued.

Respondents contend that this proceeding is in reality an action against the State for money damages due to an alleged breach of contract and that Supreme Court lacked subject matter jurisdiction thereof. We agree. In determining whether the proceeding may be brought in Supreme Court, the concern is whether the essential nature of the claim is to recover money or whether the monetary relief is incidental to the primary claim (see, Matter of Gross v Perales, 72 NY2d 231, 236). While petitioner characterizes the instant proceeding as one to compel a public official to perform a nondiscretionary ministerial act, it is clear that petitioner's primary claim is for the payment of moneys due it under a contract with the State. Indeed, both parties on this appeal address the issue of whether the bonding requirement was a statutory and contractual condition precedent to the payment under the contract. As we have previously had occasion to observe "[a]n article 78 proceeding * * * is not the proper vehicle to resolve contractual rights" (Automated Ticket Sys. v Quinn, 70 AD2d 726, 727, mod on other grounds 49 NY2d 792). In this case, it is clear that the essential nature of petitioner's claim is to recover moneys due under the contract and resolution of that claim involves the interpretation of the State Finance Law and the terms of the contract in connection therewith. Under the circumstances, the proper forum for petitioner's claim is the Court of Claims (see, NY Const, art VI, § 9; Court of Claims Act §§ 8, 9; Psaty v Duryea, 306 NY 413). Accordingly, the judgment must be reversed and the petition dismissed.

Mahoney, P. J., Casey, Weiss and Mercure, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.

