■ In the Matter of DELVAN G. DECKER, Individually and as President of Odessa-Montour Transportation Association, Appellant, v DONALD GOOLEY, as Superintendent and District Clerk of Odessa-Montour Central School District, et al., Respondents. [622 NYS2d 374] —Casey, J. Appeal from a judgment of the Supreme Court (Ellison, J.), entered April 20, 1994 in

Schuyler County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Education of the Odessa-Montour Central School District awarding a transportation contract.

Pursuant to a collective bargaining agreement between the Odessa-Montour Transportation Association (hereinafter the Association) and Odessa-Montour Central School District (hereinafter the District), the District employed members of the Association as school bus drivers and mechanics. The agreement, executed in 1988, was made effective at least until the end of June 1991 and was thereafter to "remain in effect until the later of: (a) 150 days after written notice of termination is received by either party; or (b) negotiations prompted by such notice are concluded by a new agreement or otherwise; provided, however, that no such notice shall be served after the first day of February".

In the spring of 1991, the Association and the District engaged in negotiations concerning a new agreement. In October 1992, the District advised the Association of the results of a presentation by a bus company which claimed that the District could save a great deal of money by "contracting out" its bus transportation service. The District offered to meet with the Association "for the purposes of negotiating the decision to contract out transportation". The District thereafter informed the Association that it would advertise and accept bids on bus transportation, but that "contracting out" was not likely unless it would result in substantial savings and the Association would "have a sufficient opportunity to provide a counterproposal should the cost of the subcontracting prove to be substantially lower [than] the present personnel costs".

Three bids were received by the District, with the lowest bid from Birnie Transportation Service, Inc. (hereinafter Birnie). By letter dated February 1, 1993, the District informed the Association that results of the bidding process revealed that the District could save a substantial amount of money by "contracting out" its bus transportation service. The Association was given the opportunity to review the cost figures and was invited to submit a counterproposal. The letter also invited the Association to begin the negotiation process on the impact of a decision by the District to "contract out". The District ultimately entered into a bus transportation contract with Birnie for the 1993-1994 school year. The school bus

driver and mechanic positions filled by the Association's members were abolished by the District, effective June 30, 1993.

Petitioner, individually and as president of the Association, commenced this CPLR article 78 proceeding seeking, *inter alia,* to invalidate the contract between the District and Birnie, and to obtain reinstatement of Association members to their former positions, with back pay and other benefits in accordance with the terms of the collective bargaining agreement. Supreme Court rejected respondents' objection to the timeliness of the proceeding and held that petitioner's claims which involved unfair labor practices were not properly before the court. As to the remaining claims, Supreme Court ruled in favor of respondents on the merits, resulting in this appeal by petitioner.

As relevant to this appeal, petitioner makes two separate claims: (1) that the collective bargaining agreement was not properly terminated and, therefore, the District breached the agreement by failing to employ the Association's members as bus drivers and mechanics after June 30, 1993, and (2) the District violated the relevant competitive bidding statutes, making the District's contract with Birnie void *ab initio.*

Our analysis of petitioner's claim that the District breached the collective bargaining agreement begins by noting that a CPLR article 78 proceeding is not the proper remedy to determine contractual rights *(Matter of City Constr. Dev. v Commissioner of N. Y. State Off. of Gen. Servs.,* 176 AD2d 1145, 1146). Even if petitioner could establish a breach of the contract, the breach would not provide a legal right to CPLR article 78 relief *(see, Matter of Goodstein Constr. Corp. v Gliedman,* 69 NY2d 930, 931). Petitioner concedes that he seeks specific performance, which is an equitable remedy *(see, Buteau v Biggar,* 65 AD2d 652, 653) outside the scope of a CPLR article 78 proceeding *(see,* CPLR 7803).

Conversion of this proceeding to proper form *(see,* CPLR 103 [c]) will not assist petitioner in his quest for relief. The specific performance sought by petitioner is reinstatement of Association members to their former bus driver and mechanic positions with back pay and benefits. There are, however, no bus driver and mechanic positions to which the members can be reinstated. The positions were abolished by the District effective June 30, 1993 and there are no provisions in the parties' collective bargaining agreement which limit the District's right to abolish positions and lay off employees. To the extent that petitioner's claim can be viewed as a challenge to the District's determination to abolish the positions, the matter is

apparently the subject of a pending administrative proceeding between the parties before the Public Employment Relations Board. We also note, in any event, our agreement with Supreme Court that the District did not breach the collective bargaining agreement. Assuming that its earlier communications with the Association were insufficient, the District's letter of February 1, 1993 clearly conveyed to the Association the District's intent to terminate the agreement approximately 150 days later at the end of the school year if negotiations with the Association on the issue of "contracting out" did not yield savings in personnel costs similar to those that could be achieved by entering into a contract with Birnie.

Turning to petitioner's claim regarding the validity of the District's contract with Birnie, we agree with Supreme Court that the changes in the contract made after Birnie's bid was accepted were not such that rebidding of the contract was required. In the exercise of the discretion afforded by General Municipal Law § 103 (1), the District could elect not to rebid the contract as long as the changes were not significant enough to create a substantial possibility that another bidder might undercut the low bidder on the amended contract (see, *Fabrizio & Martin v Board of Educ.*, 523 F2d 378, 383). That the changes were in the public interest, with no unfair advantage to the low bidder at the other bidders' expense and no evidence of favoritism, fraud or corruption, should be considered in our review of the District's actions (see, *Matter of Fischbach & Moore v New York City Tr. Auth.*, 79 AD2d 14, 22, *lv denied* 53 NY2d 604).

The most significant post-bid change negotiated by the District and Birnie was the reduction in the term of the contract from two years to one year, which saved the expense and delay of voter approval. Each of the three bidders submitted bids on the basis of the cost per year, which was the same for each year of the two-year term. Thus, each bid actually contained a price for the one-year term, with Birnie being the low bidder for both the one-year term and the two-year term. There is no evidence that the change in term gave Birnie any unfair advantage or that a one-year term in the specifications would have produced a bid lower than Birnie's bid. In these circumstances, we conclude that the District could reduce the term of the contract without repeating the bidding process. We reach the same conclusion with regard to the post-bid price reduction, which resulted from savings achieved by Birnie as a result of the elimination of certain bus routes, and the change to correct a typographical error.

Supreme Court correctly dismissed the petition and its judgment should therefore be affirmed.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.