■ In the Matter of R.W. GRANGER & SONS, INC., Respondent, v COMPTROLLER OF THE STATE OF NEW YORK et al., Appellants. [633 NYS2d 89] —Mercure, J. Appeal from a judgment of

the Supreme Court (Hughes, J.), entered September 15, 1994 in Albany County, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents denying petitioner's request for interim payments under a public works contract.

By this CPLR article 78 proceeding, petitioner, a general contractor, sought to compel respondent Comptroller to process and pay two interim payment requisitions due under a contract with respondent Office of General Services for the construction of a limited secure residential facility. Payment was denied upon the ground that petitioner had failed to submit labor affidavits from all subcontractors in accordance with Labor Law § 220-a (2). Respondents moved to dismiss the proceeding upon the ground, *inter alia,* of lack of subject matter jurisdiction. Supreme Court denied the dismissal motion, reached the merits and granted the petition, holding that respondents had impermissibly expanded the requirements of Labor Law § 220-a. Respondents appeal.

We agree with respondents that the Court of Claims is the proper forum for petitioner's claim and that Supreme Court lacked jurisdiction over the proceeding (*see,* NY Const, art VI, § 9; Court of Claims Act §§ 8, 9; *Psaty v Duryea,* 306 NY 413; *Matter of City Constr. Dev. v Commissioner of N. Y. State Off. of Gen. Servs.,* 176 AD2d 1145, 1146). We accordingly reverse Supreme Court's judgment, grant respondents' motion and dismiss the petition. Fundamentally, a CPLR article 78 proceeding is not the proper vehicle for resolving contractual rights (*Matter of City Constr. Dev. v Commissioner of N. Y. State Off. of Gen. Servs., supra; see, Matter of Decker v Gooley,* 212 AD2d 893). It is clear that petitioner's primary claim is for the payment of moneys due under its contract with the State, which cannot be resolved absent an interpretation of the Labor Law and the terms of the contract in connection therewith (*see, Matter of City Constr. Dev. v Commissioner of N. Y. State Off. of Gen. Servs., supra*).

Cardona, P. J., Mikoll, White and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, motion granted and petition dismissed.