## HSBC Bank USA, N.A. v Moore-Russell

### 2025 NY Slip Op 35183(U)

### December 29, 2025

### Supreme Court, Kings County

### Docket Number: Index No. 522935/2022

### Judge: Menachem M. Mirocznik

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At IAS Part FRP5 of the Supreme Court
of the State of New York, held in and for
the County of Kings, at the Courthouse
located at 360 Adams Street, Brooklyn,
NY 11201, on the 29th of December 2025

**PRESENT:** HON. MENACHEM M. MIROCZNIK
JUSTICE OF THE SUPREME COURT

---

HSBC BANK USA, N.A., AS INDENTURE TRUSTEE FOR THE REGISTERED NOTE HOLDERS OF RENAISSANCE HOME EQUITY LOAN TRUST 2007-1,,

Plaintiff,

-against-

ANNETTE MOORE-RUSSELL; JOHN DOE-REFUSED FULL NAME S/H/A JOHN DOE #1,

Defendants.

Index No. 522935/2022

**Decision and Order
(Motion Seq. 3)**

| Papers | Numbered |
|---|---|
| Order to Show Cause | NYSCEF Doc. 63-65 |
| Opposition Papers | NYSCEF Doc. 66-67 |

Upon the foregoing papers, the motion is determined in accordance with this Decision and Order as follows:

### Relevant Factual and Procedural History

This action was commenced on August 9, 2022 seeking to foreclose a mortgage (the "mortgage") executed by decedent Leroy Russell ("decedent") encumbering the property known as 956 E 103rd Street, Brooklyn, New York 11236 (the "property). Decedent died prior to commencement of this action and was survived by his spouse, defendant Annette Moore-Russell (the "defendant").

On or about April 9, 2023, defendant submitted a loss mitigation application to plaintiff. In the loss mitigation application defendant filled out "Property Information" section which requested the property address as defendant's mailing address _or_ if different from the property address. Defendant filled out the mailing address as 36-06 215th Street, Bayside NY 11361 (the "Bayside Address").

On or about May 10, 2023, plaintiff approved defendant for a trial modification which required three trial payments and that further documentation "may" be required. The approval letter provided that plaintiff would not proceed with the action while defendant was in compliance with trial plan. It is undisputed that defendant made the required payments.

[* 1]

On or about May 16, 2023, plaintiff allegedly mailed a "family transfer package" that plaintiff contended was required to complete the modification process. However, plaintiff mailed the package to the property address but not to the Bayside Address as was provide in the loss mitigation application.

On July 18, 2023, plaintiff sent a letter to the property address and again not the Bayside Address, advising that due to defendant failure to submit the family transfer plan, she was no longer eligible for a modification.

Defendant avers that after making the required payments and receiving no communication from plaintiff, she contacted plaintiff and was advised, at first the plaintiff was not authorized to speak to her and ultimately that because she did not return the family transfer package she was not in compliance with trial plan. Defendant avers that she subsequently contacted plaintiff numerous times and was advised not to be concerned and that she would receive correspondence in the mail.

Defendant avers that on September 7, 2023, immediately upon receipt of the family transfer package she executed and returned same to plaintiff.

On January 11, 2024, plaintiff moved for a default judgment and order of reference. Despite plaintiff being advised of Bayside Address, the motion was allegedly mailed to defendant at 7318 61st Street, Palmetto Florida, 34221 (the "Palmetto Address").

On April 11, 2024, the Court granted plaintiff's motion for default judgment and order of reference and appointed Gregory Laspina, Esq., as referee to compute. Despite being aware of Bayside address plaintiff mailed a copy of the order with notice of entry to the Palmetto Address.

Defendant further avers that in August of 2024, after numerous attempts at contacting plaintiff, plaintiff conceded mailing the subject documents to the incorrect address and was advised to write a letter to plaintiff explaining the circumstances. On August 23, 2024, defendant mailed plaintiff a letter as requested.

On February 25, 2025, plaintiff moved to confirm the referee's report and for judgment of foreclosure and sale. Despite being aware of Bayside address, plaintiff mailed the motion to the Palmetto Address.

On June 6, 2025, the Court granted plaintiff's motion to confirm the referee's report and issued a judgment of foreclosure and sale. Despite being aware of Bayside address, plaintiff mailed a copy of the judgment of foreclosure and sale with notice of entry to the Palmetto Address.

A sale was scheduled for September 11, 2025.

Defendant now moves by order to show cause to stay the sale and for this Court to supervise the reinstatement or modification process of the subject mortgage and for such other and further relief as justice requires.

Plaintiff opposes the motion contending that defendant remains in default until same has been vacated, that the judgment of foreclosure and sale is final as to all issues, that settlement discussions are not a valid defense to foreclosure, defendant failed to demonstrate a reasonable excuse and meritorious defense and failed to establish the elements for the imposition of an injunction. Notably, plaintiff contends that the property address was confirmed as defendants last known address since June 13, 2019 and that on September 9, 2024, plaintiff reaffirmed that the

property address was the correct address for defendant. Therefore, plaintiff contends that "the record establishes that any failure to complete the modification was attributable to the Defendant's own inaction and not to any error or omission by the servicer."

## Discussion

It is axiomatic that a "foreclosure action is equitable in nature and triggers the equitable powers of the court…[O]nce equity is invoked, the court's power is as broad as equity and justice require" *Mtge. Elec. Registration Sys., Inc. v Horkan*, 68 AD3d 948 [2d Dept 2009]

"A court of equity has broad power to control the execution of its own judgments" *Notey v Darien Const. Corp.*, 41 NY2d 1055 [1977]; *Norstar Bank v Morabito*, 201 AD2d 545, 546 [2d Dept 1994]["In cases such as the one at bar, the court sitting in equity looks to the substance and to the merits of a transaction, rather than to its form."]

"A court of equity is not hampered by the restrictive and inflexible rules which govern common-law courts…The extent of equitable relief is not a matter of fixed rule…Moreover, having assumed jurisdiction a court of equity will grant complete relief and will mould its decree to satisfy the requirements of the case. The flexibility of equitable jurisdiction permits innovation in remedies to meet all varieties of circumstances which may arise in any case." *Ripley v Intl. Railways of Cent. Am.*, 8 AD2d 310 [1st Dept 1959], *affd sub nom. Ripley v Intl. Rys. of Cent. Am.*, 8 NY2d 430 [1960]; See also *London v Joslovitz*, 279 AD 280 [3d Dept 1952]

"In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" *BAC Home Loans Servicing, L.P. v Jackson*, 159 AD3d 861, 862 [2d Dept 2018]; *U.S. Bank, N.A. v Peralta*, 191 AD3d 924 [2d Dept 2021][ "CPLR 5001(a) provides that "in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion." The exercise of the court's discretion in determining the appropriate interest is governed by the particular facts in each case."]; *Bank of New York Mellon v George*, 186 AD3d 661, 663-64 [2d Dept 2020]["The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party…such as where the plaintiff's conduct has prejudiced the defendant."]

"Although a court "may impose a sanction sua sponte, . . . the party to be sanctioned must be afforded a reasonable opportunity to be heard." *U.S. Bank N.A. v Tenenbaum*, 228 AD3d 696 [2d Dept 2024]

Applying these settled principles, the Court rejects Plaintiff's contention that the entry of a Judgment of Foreclosure and Sale divests the Court of authority to intervene. To the contrary, once equity has been invoked, this Court's power is "as broad as equity and justice require," which most certainly includes the authority to control the execution of its own judgments. See *Notey v Darien Const. Corp.*, 41 NY2d 1055 [1977]

Here, the record demonstrates that Plaintiff proceeded to obtain an order of reference and a judgment of foreclosure and sale while repeatedly mailing dispositive motion papers and notices to an out-of-state address in Florida, notwithstanding defendant's submission of a different mailing address during the loss-mitigation process and Plaintiff's own assertion that the subject property constituted Defendant's "last known address." The record further raises serious concerns regarding what appears to be plaintiff's lack of good faith (perhaps bad faith) conduct during the loss-

[* 3]

mitigation process.

The Court is not persuaded plaintiff's contention that defendant's failure to appear earlier in the action was the product of inaction alone. Rather, plaintiff's manner of service of the papers and what appears to have been plaintiff's lulling defendant with assurances that deprived defendant of a meaningful opportunity to appear, oppose dispositive motions, or seek timely relief. Equity does not permit a party to benefit from conduct that prejudices the opposing party, particularly where the consequence is the loss of valuable property.

While defendant does not seek vacatur of the Judgment of Foreclosure and Sale, the Court finds that enforcement of that judgment without further judicial supervision would be inequitable under the circumstances presented. Consistent with the Court's broad equitable powers, a stay of the sale and court-supervised review of reinstatement and loss-mitigation options is warranted.

The Court notes that depending on the performance of the requirements of this Order, it may consider additional remedies, including adjustment of interest or other equitable relief. The Court also notes that while it possesses authority to impose sanctions sua sponte, no such sanctions are imposed at this time, and in considering any such relief notice and an opportunity to be heard will be provided.

Accordingly, it is hereby

**ORDERED** that defendant's motion is GRANTED to the extent set forth herein and the foreclosure sale is STAYED pending further order of this Court; and it is further

**ORDERED** that Plaintiff shall engage in a good-faith, court-supervised review of defendant's eligibility for loss-mitigation and/or reinstatement, and shall provide Defendant with all necessary documentation, including any loss mitigations documents, payoff and reinstatement figures within thirty (30) days of service of this Order; and it is further

**ORDERED** that Plaintiff shall take no further steps to enforce the Judgment of Foreclosure and Sale during the pendency of such review; and it is further

**ORDERED** that the Court retains jurisdiction to fashion such additional equitable relief as justice may require.

This constitutes the decision and order of the Court.

ENTER:

_____
Hon. Menachem M. Mirocznik, JSC


# FILED

JAN 06 2026

KINGS COUNTY CLERK'S OFFICE